Hanson v. Township of Red Rock in Minnehaha County, *et al.*

1. On cross-examination of a witness, it is competent to question him as to his interest in the subject-matter concerning which he has testified.

2. Where, on direct examination, a question to a witness is only preliminary, and does not indicate whether his answer would be material or not, or would necessarily disclose material evidence, and where there is no offer to prove the facts sought to be elicited, it is not material error to exclude the question.

3. Where, as in this case, the controlling question is one of fact, as, where is the true location of a boundary line? it is not material that a resur-

vey, locating the line as claimed by one of the parties, was made under an unauthorized contract.

(Syllabus by the Court. Opinion filed April 27, 1895.)

Appeal from circuit court, Minnehaha county. Hon. F. R. AIKENS, Judge.

This case was first decided by this court in an opinion filed November 24, 1893, found in 4 S. D. 358, in which opinion a judgment of the lower court in favor of defendants was affirmed. Appellants petitioned for a rehearing. This opinion is upon the rehearing. Former decision affirmed.

*Palmer & Rodge,* for appellants.

*Keith & Bates,* for respondent.

KELLAM, J. This case is now before us on a rehearing. The original opinion is reported in 4 S. D. 358. In granting a rehearing, we were largely influenced by the importance of the questions involved, not alone to the immediate parties, but to a large number of other landowners in the township whose boundary lines were in similar controversy, and whose rights would be affected by the decision of this case. We have very carefully re-read the evidence claimed by either side to throw light upon the disputed question of fact, and are brought to the same conclusion announced in our former opinion. It would be profitless labor to go over the ground again.

There were, however, several errors assigned by appellant, based upon rulings of the trial court in allowing or refusing evidence, which seem not to have been expressly noticed in the opinion, and which will be briefly considered. Thomas Olson was a witness for plaintiff. He was a landowner within the territory within which the disputed lines were located. His evidence on his direct examination tended to place the corners and lines as claimed by the plaintiff. On cross examination he was asked how much land the location of the corners and lines where his testimony tended to place them would give him in his quarter section. The court overruled an objection to this question. We think the

court was right.    It tended very directly to show his interest in the very question in dispute, and as to which he was testifying. While his interest would not disqualify him as a witness, it might affect the weight of his testimony.

J. A. Bannister, a witness for plaintiff, was asked:    "Do you know according to what monuments or mounds the old settlers located their lands?"  An objection this question was sustained, and the ruling is assigned as error.    We are inclined to think that affirmative evidence, of which the question might have been anticipatory, would have been competent, and we should have been better satisfied if the trial court had allowed the witness to answer; but the question was only preliminary, and a responsive answer to it would alone have been of no benefit to the plaintiff; hence he suffered nothing by not getting it.    To show available error, the plaintiff should have gone further, and offered to prove the substantive fact to which this question of knowledge on the part of the witness was only introductory or preliminary.    To show that this ruling did not constitute material and available error, we have only to suppose that we reverse this case on that ground, and upon a retrial the witness is asked the same question, and his answer is, "No, I do not."    In Houghton v. Clarke, 80 Cal. 417, 22 Pac. 288, the rule in such case is stated to be:  "If a question does not itself indicate whether the answer would be material or not, and there is no offer to prove the facts sought to be elicited, it is not a material error to exclude the question."

It is next assigned as error that the court refused "to allow witness Lars Larson to answer the following question": "Has this old road now traveled been worked by the residents along that road?"   This is probably a mistake as to the name of the witness, at least, as no witness of that name appears to have been sworn in the case.    Neither does such question of ruling appear in connection with the testimony of Christian Larson, the only witness with that surname.    Considering the character of the question, and the length of the record presenting the evidence in the case, we think we are justified in passing this assignment.

The next error complained of is the disallowance by the court of the following question addressed to witness Stadeen: "Well, where is the mound with reference to your improvements,—your home? You have improved your place, haven't you?" This witness had already located this mound as 50 or 60 rods "straight west of the old mound," and location with reference to his house was immaterial. No answer he could have given to this question would more definitely have located it. Being re-examined by the plaintiff after cross-examination, he was asked with reference to the same mounds: "What was the appearance of the place where these mounds have been?" This was not in rebuttal of any matters elicited on his cross-examination, and the allowance of the question was within the discretion of the trial court.

It is contended, however, that as this resurvey was made at the instance of, and under contract with, the township board of supervisors, and that as this court held in Van Antwerp v. Dell Rapids Tp., 59 N. W. 209, that such board had no power to institute such resurvey or to make such contract, it must follow that what was so done by the surveyor at the instance of this township board was nugatory, and afforded no protection to the defendant township or its officers, in opening or working a highway on the line of this resurvey. This contention cannot be maintained. The ultimate and controlling question in this case is, where in fact is this township line? Upon this line the statute locates the highway, and if the evidence satisfies the court that it is really where these defendants were assuming it to be and where in consequence they were proceeding to open and work a highway, it is entirely immaterial, as affecting the question here in dispute, that the surveyor who made the resurvey, and who reached the same conclusion as to the location of the line as the court did, was working under an authorized contract. In the Van Antwerp Case referred to, we held simply that the township board of supervisors had no authority to bind the township by a contract for such resurvey, and that an action to recover for such services could not be maintained upon it. We do not think the decision in that case

affects the question presented in this.　We find nothing upon the rehearing of this case to change our conclusions as expressed in the former opinion.　All the judges concur.