## STATE v. KNUTSON.

1. In an action for bastardy evidence reviewed, and held sufficient to sustain a finding that defendant was the father of the bastard child of which complaining witness was delivered.

2. In a prosecution for bastardy a preponderance of the evidence is sufficient to sustain a verdict against the defendant.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Sanborn county; Hon. FRANK B. SMITH, Judge.

Action by the state, on the prosecution of Gunild Heljerson, against Knute Knutson for bastardy. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*S. A. Ramsey* and *T. H. Null*, for appellant.

*B. W. Baer* and *J. E. Whiting*, for respondent.

FULLER, J. At the trial of this action authorized by chapter 37 of the Revised Code of Civil Procedure of 1903, known as the "Bastardy Act," the jury found that defendant is the father of a bastard child of which the complainant, Gunild Heljerson, was delivered on the 25th day of May, 1902, and the sufficiency of the evidence to sustain that issue of fact is

the only question presented by this appeal from a judgment enforcing his statutory obligation to support, maintain, and educate such illegitimate child and from an order overruling a motion for a new trial.

It is undisputed that both the complainant and the defendant are unmarried, and that she was his servant or housekeeper continuously for about one year and six months immediately previous to the birth of the child. The evidence also shows that they were the only occupants of the house much of the time, and together were seen in her sleeping apartment upon different occasions. On direct examination she stated positively that the defendant is the father of her child, which was then present in court, and there is nothing in the cross examination of the witness to impair the probative value of such testimony. While defendant denied that any improper relations ever existed between himself and the complainant, and offered testimony slightly tending to support the inference that she was of previous unchaste character, the jury was fully justified in concluding from all the evidence that the defendant is the father of the child, and that was the only issue to be tried. Section 809, Rev. Code Civ. Proc. 1903.

The contention of counsel for appellant that a preponderance of the testimony is insufficient to sustain a verdict in a case of this character is answered adversely in State v. Bunker, 7 S. D. 639, 65 N. W. 33, and the judgment appealed from is affirmed.