STATE, Respondent, v. DACHTLER, Appellant.

(179 N. W. 655.)

(File No. 4702.    Opinion filed October 18, 1920.    Rehearing denied
November 6, 1920.)

1. **Bastardy—Judgment of Conviction, Sufficiency of Evidence—Preponderance of Evidence Sufficient.**

   In a bastardy proceeding, being one civil in nature, jurors could rest their verdict on what to them seemed to be a mere preponderance of evidence—guilt beyond a reasonable doubt as for the crime of rape involved in this transaction, being unnecessary.

2. **Same—Defendant's Evidence Re Bastardy Weaker Than Dachtler Rape Case—Evidence Supporting Verdict.**

   The state's evidence being almost identical with that in the criminal action of State v. Dachtler (179 N. W. 653) while in the criminal action defence sought to prove complainant was in company of a man other than defendant at the time in question, while in the present proceeding no such evidence was introduced, held, the evidence supports the verdict and judgment against defendant.

3. **Appeals—Briefs—Statements of Case Non-supported by Record—Improper Action of Counsel Reprimanded.**

   The action of counsel on both sides on this appeal, in asserting in statement of facts in printed briefs, facts unsupported in the record, even though counsel may know of, or believe in, their existence, is improper.    This Court ought always feel justified in assuming the printed record directly supports all facts set forth in attorney's statement; furthermore, this Court will assume that no facts are so stated unless counsel believes them entitled to consideration as tending to support their theory of the case.    Specification of improper statements made.

   Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Meade County.    HON. JAMES McNENNY, Judge.

Proceedings by the State of South Dakota, against William Dachtler, for bastardy.    From a judgment adjudging defendant to be the father of the bastard child in question, and from an order denying a new trial, defendant appeals.    Affirmed.

*Robert C. Hayes,* and *John T. Heffron,* for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

WHITING, J.  This is an appeal from a judgment rendered against the defendant in a bastardy proceding and from an order denying a new trial.

Defendant was adjudged to be the father of the bastard child of one Freda Grimm, who was the complaining witness in the criminal action of State v. Dachtler, reported 179 N. W. 653.  As in the criminal action, the sole question before us on this appeal is the sufficiency of the evidence to support the verdict and judgment.  In the criminal action we sustained the verdict and judgment, even though—it being a criminal action— it was the duty of the jury, before finding a verdict of guilty therein, to be satisfied of such guilt beyond a reasonable doubt.

[1, 2]  We do not feel called upon to review, at any length the evidence in this case.  Being a proceeding civil in nature, the jurors could rest their verdict on what seemed to them to be a mere preponderance of the evidence.  The state's evidence was almost identical with that in the criminal action.  The evidence for the defense was far weaker than in the criminal action. In the criminal action the defense sought to prove that complainant was in the company of a man other than defendant, at a time, a place, and under circumstances from which the jurors might draw an inference that such man was the father of complainant's child.  In this action there was absolutely no evidence tending to show that complainant was in the company of any other man than defendant at or about the time of the conception of the child in question.  The judgment and order appealed from are affirmed.

[3]  We desire to urge upon all the counsel in this case the absolute impropriety of asserting, in the statement of facts forming a part of printed briefs, facts having no support in the record, even though counsel may know of, or believe in, their existence.  This court should always feel justified in assuming that the printed record gives direct support to all facts set forth in an attorney's statement of facts; furthermore, this court will assume that no facts are so stated, unless counsel believe the same entitled to consideration as tending to support their theory of the case.  After a careful consideration of the records in both of these actions, we have been unable to find any proof that complainant "became a slave and was treated as such'

by the whole (Dachtler) family, who looked upon her as trash and not fit to associate with the boy;" that complainant "did not dare to go home;" that because "of her ignorant father's brutality, she had no place to go, and no one to confide in when in trouble;" or "that the defendant has been convicted of rape by two different juries." On the other hand, we are unable to find anything to support the claim that defendant has always "obeyed the scriptural injunctions to. 'Honor thy father and thy mother in these the days of thy youth';" that defendant is "the sole comfort and support of his widowed mother;" or that at defendant's home complainant had "the influence of a Christian home."

SMITH and GATES, JJ., not sitting.