STATE ex rel LARSON, Appellant, v. BENSON, Respondent.

(195 N. W. 437.)

(File No. 5390.   Opinion filed October 18, 1923.)

**Bastards—Waiver—Trial—Criminal Law—Defendant's Failure to Object to Violation of Order Excluding Child from Court in Bastardy Proceedings Waived Objection, and Grant of New Trial Was Abuse of Discretion.**

Where defendant and his attorney, in bastardy proceedings, knew that an order excluding the child involved from the court room was being violated, defendant should have called the violation to the court's attention, and, under Rev. Code 1919, Sec. 47, providing that a party cannot predicate error on an act in which he has knowingly acquiesced, his failure to do so waived the objection, and the granting of a new trial was a clear abuse of judicial discretion.

Appeal from Circuit Court, Turner County; Hon. L. L. Fleeger, Judge.

Proceeding by the State of South Dakota, on the relation of Neva Larson, against Leon Benson. From an order vacating a second verdict for plaintiff and granting a new trial, plaintiff appeals. Order reversed.

*Buell F. Jones*, of Britton, and *Bogue & Bogue,* of Parker, for Appellant.

*Dan E. Hanson,* of Parker, and *G. J. Danforth,* of Sioux Falls, for Respondent.

Appellant cited: State v. Stark, 129 N. W. 331; Johnson v. State, 113 N. W. 674; Esch v. Graue, 101 N. W. 978; Brantley v. State, 65 So. 678, 11 Ala. App. 144; Land v. State, 105 S. W. 90, 84 Ark. 199, 120 Am. St. Rep. 25; Sims v. State, 84 S. E. 976, 16 Ga. App. 211; State v. Browning, 152 Pac. 672, 96 Kan. 540; Smith v. Hawkins, 47 So. 429, 93 Miss. 588; Commonwealth v. Pearl, 33 Pa. Sup. Ct. 97; Kelly v. State, 32 So. 56, 133 Ala. 195, 81 Am. St. Rep. 25; Shailer v. Bullock, 61 Atl. 65, 78 Conn. 65, 112 Am. St. Rep. 87; Higley v. Bostick, 63 Atl. 786, 79 Conn. 97; State v. Saidell, 46 Atl. 1083, 70 N. H. 174, 85 Am. St. Rep. 627; State v. Smith, 54 Iowa 104, 6 N. W. 153, 37 Am. Rep. 192; State v. Donovan, 153 Mass. 378, 26 N. E. 871; Wilford v. Havard, 89 So. 812.

Respondent cited: 7 C. J. 993; State v. Browning (Kans.), 152 Pac. 672; Hanawalt v. State (Wis.), 24 N. W. 489; Washburn v. Railroad Co., 59 Wis. 364-370; People v. Carney, 29 Hun. N. Y. 47, 49; Schmidt v. Norbeck, 189 N. W. 524; Brady v. Shirley et al, 14 S. D. 447, 85 N. W. 1002.

POLLEY, J. Relator in this action filed complaint against the defendant, accusing him of being the father of her bastard child. A trial was had, and the jury found for the plaintiff. On motion for a new trial the verdict and judgment were set aside and a new trial granted. At the beginning of the second trial the court made an order excluding the child involved from the courtroom. This was for the purpose of preventing the jury from seeing such child, but it is claimed by the defendant that the relator, also her father and mother, and her counsel as well, violated the order, and at different times during the trial and by

various means and devices exhibited such child to the jury while in the jury box, and to the individual members of the jury during the intermissions that took place in the course of the trial. Upon a showing of these facts respondent moved to vacate the verdict on the ground that he had been prejudiced by such conduct, and upon the hearing of such motion the court made and entered an order which in part reads as follows:

"And the court being of the opinion, under the showing made, that the complaining witness, the mother of the child, and her father and mother, witnesses for the state, willfully and intentionally violated the said order by permitting and causing the said child to be exhibited to and viewed by the jury, and the court being of the opinion that, by reason of all the foregoing, that the defendant did not have a fair and impartial trial."

The order excluding the child from the courtroom appears to have been made upon the theory that it is not competent to submit the child in a case of this kind for the inspection of the jury, Upon this point very respectable courts differ, but we do not consider it necessary to determine that question in this case. If the affidavits filed on behalf of the defendant are true, both the defendant and his counsel knew during the trial that the relator and her father and mother, and her counsel too, were violating the order of the court. Indeed, if the violations of this order were so flagrant as respondent's showing indicates, we do not understand how the trial judge himself could have helped knowing the order was being violated. It is affirmatively shown that defendant's counsel knew during the course of the trial that the order in question was being violated, and, this being the case, if he wished to take advantage of the matters complained of, he should have called the matter to the attention of the court in order that appropriate action might have been taken to offset the effect of such violations. If the court were of the opinion that the misconduct of relator and others on her behalf would prevent a fair trial, the jury could have been dismissed and another jury impaneled, or the jury could have been cautioned not to be influenced by the exhibition that had been made to them of the child. But no request was made to have this done, nor were any steps taken to put a stop to the misconduct complained of after it was known. A party cannot predicate error on an act in which he

has knowingly acquiesced. Section 47, R. C. 1919. If the defendant was of the opinion that exhibiting the child to the jury in the manner shown by the affidavits found in the record was prejudicial to his case, he should have called the matter to the attention of the court at once and not have waited until the case went against him before he complained. Having failed to make an objection at the proper time, he is deemed to have waived objection. It is a universal rule that error cannot be predicated upon the admission of evidence to which no objection was made when it was admitted, and the same is true of instructions to which no objection was made at the time of the settlement of the instructions; and, in this case, the defendant, having sat by and witnessed the acts of which he is now complaining without protest or objection, cannot now urge such acts as a ground for a new trial; and the granting of a new trial under the circumstances was a clear abuse of the judicial discretion vested in the trial court.

The order appealed from is reversed.

Note.—Reported in 195 N. W. 437. See, Headnote, American Key-Numbered Digest, Bastards, Key-No. 73, 7 C. J. Sec. 140 (1924 Anno.).