## STATE, Respondent, v. MURRAY, Appellant.

### (207 N. W. 454.)

(File No. 5765.   Opinion filed February 16, 1926.)

1. **Rape—Trial—Corpus Delicti—Refusal of Evidence to Prove Girl's Sexual Relations with Men Other Than Defendant Not Error.**

   In prosecution for statutory rape, where corpus delicti was established by undisputed proof of the girl's age and that she gave birth to a child, and died about the time of her confinement, refusal of evidence to prove her illicit sexual relations with men other than defendant within period of gestation was not error.

2. **Rape — Trial — Excluding Questions and Answers, Purpose of Which Was to Get Before Jury Evidence that the Girl Had Sexual Relations with Men Other Than Defendant Not Error.**

   In prosecution for statutory rape, there was no error in excluding questions to witness and answers thereto, purpose of which was to get before jury evidence that the girl had sexual relations with men other than defendant within the period of gestation.

3. **Criminal Law—Rape—Trial—Excluding Syringe from Evidence and Sustaining Objection to Questions to Defendant's Wife as to Her Possession of It Not Prejudicial.**

   In prosecution for statutory rape, where material question was as to what defendant had in mind when he bought a syringe, after talking to a doctor about a girl being in trouble, excluding the syringe from evidence, and sustaining objection to questions to defendant's wife as to her possession of it, as corroborating defendant's statement that he bought it for her, was not prejudical to defendant.

4. **Witnesses—Trial—Striking Answer to Question as Unresponsive Not Error.**

   In prosecution for statutory rape, where defendant's wife, as a witness, in answer to a question as to transactions with a check, undertook to relate a conversation between him and her, striking answer as not responsive was not error.

5. **Criminal Law—Trial—Defendant Not Prejudiced by Sustaining Objection to Question as to Check, Where Check Not Offered in Evidence.**

   In prosecution for statutory rape, where defendant's wife, as a witness, was interrogated as to transactions when a check was given to a doctor, and objection was sustained to a question as to where she was when the check was given, but witness was afterwards allowed to answer, since check was not offered in evidence, it cannot be said defendant was prejudiced, even if answer was not permitted.

**6. Criminal Law—Offer of Proof—Trial—Excluding Evidence, Materiality of Which Not Apparent from Question Itself, Where No Offer of Proof Made, Not Reversible Error.**

Where materiality of evidence sought to be elicited is not apparent from a question itself, and there is no offer of proof, exclusion of evidence does not constitute reversible error.

**7. Criminal Law—Venue—Evidence Held Ample to Fix Venue.**

Defendant's admissions of frequent acts of intercourse with the girl, and that some of them occurred in his place or the girl's, and proof of location of both homes in the county, held ample to fix venue.

Appeal from Circuit Court, Harding County; Hon. W. F. Eddy, Judge.

George E. Murray was convicted of second degree rape, and he appeals. Affirmed.

*Dan McCutchen,* of Belle Fourche, and *Hayes & Heffron,* of Deadwood for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

(1) To point one of the opinion, Appellant cited: Bice v. State, 37 Tex. Crim. Rep. 38, 38 S. W. 803; Knowles v. State, 44 Tex. Crim. Rep. 322, 72 S. W. 398; Parker v. State, 62 Tex. Crim. Rep. 64, 136 S. W. 453.

Respondent cited: State v. Henderson (Ida.) 114 Pac 30; People v. Gray (Ill.), 96 N. E. 268; Smith v. State (Ark), 119 S. W. 655; State v. Sibley (Mo.), 33 S. W. 168; People v. Abbott (Mich.), 57 N. W. 862; State v. Rash, 27 S. D. 185.

(7) To point seven, Appellant cited: State v. First Nat'l Bank of Clark 3 S. D. 54; Sedberry v. State, 14 Tex. App. 223.

MORIARTY, C. This is a second appeal in this case. The opinion on the former appeal is found in 193 N. W. 132, 46 S. D. 410. That decision set aside the conviction, and ordered a new trial, to be granted on the single ground that the trial court erred in admitting certain evidence. On the second trial defendant was again found guilty of the crime of second degree rape committed on one Ingaborg Westre, a girl who was about 15 years old at the time of the alleged offense.

[1] The corpus delicti was established by undisputed proof of the age of the girl, and that about October 27, 1919, she gave

birth to a child. As the girl died at about the time of her confinement, the evidence as to defendant's connection with the crime consisted wholly of his own acts and admissions.

As their first assignment of error, appellant's counsel argue that the trial court erred in refusing to permit appellant to present evidence tending to prove illicit sexual relations between Ingaborg Westre and men other than the defendant, "within the period of gestation." They argue that under the circumstances of this case the rule announced by this court in State v. Wilson, 167 N. W. 396, 40 S. D. 422, does not apply. They contend that in the instant case the birth of a child is relied upon by the state, not only to prove the corpus delicti, but also as fixing the liability upon defendant. This contention is unsound. In the Wilson Case the prosecutrix had given birth to a child, and had testified that defendant was its father. On her cross-examination she was asked as to intercourse with another, from which pregnancy might have resulted, and the trial court sustained an objection to the question. Under those circumstances, this court said:

"We are of the view that in this character of case whether or not she had intercourse with some other person, either before or after the intercourse on which the state relies for conviction, was an immaterial issue."

The decision in that case is directly applicable to the instant case, and is supported by: State v. Smith, 100 N. W. 740, 18 S. D. 341; State v. Whitesell, 44 S. W. 332, 142 Mo. 467; State v. Ogden, 65 P. 449, 39 Or. 195; Walker v. State, 126 P. 829, 8 Okl. Cr. 125; Plunkett v. State, 82 S. W. 845, 72 Ark. 409; State v. Stimpson, 62 A. 14, 78 Vt. 124, 1 L. R. A. (N. S.) 1153, 6 Ann. Cas. 639, and numerous other authorities.

[2] Aside from the contentions as to the admissibility of the above-mentioned class of evidence, appellant's counsel alleges that the trial court erred in its rulings on admission and rejection of evidence as follows: Defendant had testified that he made his second trip to Belle Fourche, where the girl was being held at the hospital of Dr. Champney, because he received a written order from Dr. Champney to go back immediately. Questions as to by whom this written order was delivered to defendant, and who went with him when he went to Belle Fourche, were objected to as immaterial and the objection sustained. The answer that a

man named Gillespie and a man named Howard went with him was stricken out on motion of the state. Gillespie was one of the men with whom defendant offered to prove the girl had illicit relations, and the purpose of these questions seems to have been to get some of that line of evidence to the jury. The writing which defendant called an order from Dr. Champney was not introduced nor its absence accounted for. The rulings of the trial court in that matter do not constitute reversible error.

[3] Defendant assigns as error the exclusion from evidence of a syringe which defendant identified as one he bought from Dr. Mitchell, at a time when Dr. Mitchell says defendant talked to him about a girl being in trouble, and the sustaining of objections to questions to the defendant's wife as to her possession of the syringe. Defendant was allowed to testify that he bought the syringe for his wife and gave it to her, and he contends that the evidence is material to corroborate his evidence as to that. Such evidence could have little if any weight as such corroboration. The question as to what he did with the syringe is not important. The material question is what he had in mind when he bought it. The evidence shows that he talked with Dr. Champney while at Mitchell's drug store after he bought the syringe, and shortly after that went with the girl to Dr. Champney's hospital at Belle Fourche. He evidently had further advice after his talk with Mitchell. The exclusion of the evidence was not prejudicial.

[4, 5] Error is also assigned in the matter of the sustaining of certain objections to questions interrogating defendant's wife as to transactions when a certain check was given to Dr. Champney by defendant. The court overruled the objection to this line of questions, but afterward struck out the answer as not responsive. This action was correct, as the witness undertook to relate a conversation between the defendant and herself. The question was not repeated after the answer was stricken. At to the alleged error in the sustaining of an objection to a question asking the same witness where she was when the check was given, the additional statement in respondent's brief shows that the witness was afterward allowed to answer the question. The check was not offered in evidence, so we cannot say that there would be prejudice, even if the witness had not been allowed to answer, as we

cannot say what the check showed. No offer to prove any of these matters was made.

[6] As the materiality of the evidence sought to be elicited is not apparent from the question itself, and there was no offer of proof, the exclusion of the evidence does not constitute reversible error. Arneson v. Nerger, 147 N. W. 982, 34 S. D. 201; Hanson v. Township of Redrock, 63 N. W. 156, 7 S. D. 38; State v. Yokum, 79 N. W. 835, 11 S. D. 544.

[7] As to appellant's further contention that the evidence is insufficient to sustain the verdict, counsel argue practically no point except as to proof of venue. On account of the death of the girl, venue was rather difficult of proof, but the jury had before it proof of the location of the Murray and Westre homes, both in Harding county, also the fact that the girl went to the Murray home for the mail on the day the offense is alleged to have taken place. There is some evidence as to the time she got home after the trip, and as to the time the defendant got home that day. There was no motion to limit the state to any particular date, and there is evidence that defendant admitted frequent acts of intercourse with the girl from September, 1918, to January, 1919, and that some of these acts occurred at his place or the girl's, or some at each. There is ample evidence which would enable the jury to fix the venue.

We find no error in the record, and the judgment and order appealed from are affirmed.

Note.—Reported in 207 N. W. 454. See, Headnotes (1) and (2), American Key-Numbered Digest, Rape, Key-No. 40(5), 33 Cyc. 1481; (2) Criminal law, Key-No. 404(4), 16 C. J. Sec. 1223, Rape, 33 Cyc. 1461; (4) Witnesses, Key-No. 248(2), 40 Cyc. 2444; (5) Crimnal law, Key-No. 1170(1), 17 C. J. Sec. 3679; (6) Criminal law, Key-No. 1036(1), 16 C. J. Sec. 2151, 17 C J. Sec. 3655; (7) Criminal law, Key-No. 564(4), 16 C. J. Sec. 1572

Proof of corpus delicti in prosecution for rape, see notes in 68 L. R. A. 56, 70, 71, 73, L. R. A. 1916B, 747.