STATE ex rel CONROY, Respondent, v. PLUCKER, Appellant.

(229 N. W. 934.)

(File No. 6914. Opinion filed March 21, 1930.)

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Lucius J. Wall* and *Theodore R. Johnson,* both of Sioux Falls, for Respondent.

CAMPBELL, J. This proceeding was instituted below seeking to establish that defendant was the father of relator's illegitimate child and to enforce his obligation to support such child. The action was tried to the court without a jury, and findings, conclusions, and judgment were in favor of plaintiff, from which judgment and from an order denying his application for a new trial defendant has appealed.

Defendant predicates error on the fact that his request for trial by jury was refused. The facts are that the case was on the calendar for trial at the March, 1928, term of the circuit court in Minnehaha county, at which time defendant requested a jury trial, whereupon the case was continued to the next regular jury term of said court in May, 1928, and placed on the jury calendar for the May term. At the call of the calendar for the May term de-

fendant's counsel requested that the case be tried to the court without a jury, and a written stipulation was entered into by the attorneys for the respective parties, to the effect that the case should be tried without a jury, that defendant waived a jury, and that the case should be placed upon the court calendar for trial, pursuant to which stipulation the court entered and filed the following order under date of May 14, 1928.

"The defendant having waived the Jury in the above entitled matter, and the parties having stipulated that the above entitled action be tried to the Court without a jury, and that the same be placed upon the May 1928 term of the Circuit Court of Minnehaha County, South Dakota, for trial, therefore it is hereby ordered that the above entitled matter be placed upon the Court Calendar of the May 1928 term of the aforesaid Court."

The case was reached for trial to the court on June 14, 1928, and before the beginning of the trial defendant asked leave of the court to withdraw his waiver of jury, and demanded a jury trial, which request was refused, and the case tried to the court.

Proceedings of this kind are civil in their nature. State ex rel Crooks v. Cummins (S. D.) 229 N. W. 302, opinion filed February 21, 1930. We are of the opinion that the general rule applies that relief from a stipulation is in the discretion of the court which will not be interfered with by this court unless a clear abuse appears. Meldrum v. Kenefick, 15 S. D. 370, 89 N. W. 863. We think no abuse of discretion is shown in this case.

Appellant also questions the sufficiency of the evidence to support the findings of fact. The testimony was conflicting, and we are entirely unable to say that the clear preponderance of the evidence is against the findings of the trial court.

Testimony was taken in the case on June 14th and 15th, and at the close of the taking of testimony the court orally announced that its decision would be against the defendant on the issue of paternity. Thereafter, and on July 2, 1928, the court, over the objection of defendant, permitted the case to be reopened and two additional witnesses to be called by the plaintiff who testified as to the expense of plaintiff's confinement and expenses incidental thereto. This, we think was within the discretion of the court under the circumstances.

■ Appellant objects to some of the rulings on admission of evidence. The case being tried to the court, the presumption is that any improper evidence was disregarded, and there is sufficient evidence of unquestionable admissibility to support the findings of the court.

We find no prejudicial error, and the judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD and BURCH, JJ., concur.