STATE ex rel SCHUMACHER, Respondent, v. SCHU-
MACHER, Appellant.

(245 N. W. 926.)

(File No. 7032.   Opinion filed December 20, 1932.)

*J. M. Berry* of Ipswich, for Appellant.

*Louis H. Tschirley,* State's Attorney, of Ipswich, for Respondent.

CAMPBELL, P. J.   Relatrix instituted the present proceeding by the filing of complaint in justice court in May, 1928, pursuant to the provisions of the Uniform Illegitimacy Act (Chapter 295, Laws 1923) to establish defendant's paternity of the child of which she was then pregnant and to compel him to provide for the support of such child.   Subsequently, and on September 4, 1928, the child was born.   After preliminary hearing, the matter came on regularly for trial in circuit court upon issues duly joined. There was a verdict and judgment January 16, 1929, determining that defendant was the father of relatrix's child and ordering him to make certain payments for support.   On December 3, 1929, defendant's motion for new trial was denied, and on January 13, 1930, defendant appealed to this court from the judgment and from the denial of his application for new trial.   By twenty-three successive stipulations entered into between counsel (eighteen for the benefit of appellant and five for the benefit of respondent), the statutory time for filing briefs in this court was extended for ap-

proximately two years and seven months, and the last briefs were filed on August 3, 1932.

■ The only question presented on the appeal is as to the sufficiency of the evidence to support the verdict. Relatrix's child, born on September 4, 1928, was apparently a normal, full-term child, and, according to the undisputed medical testimony in the present record, the normal period of gestation is 270 days. Dr. Hill, the only medical witness, testified to this fact without contradiction, and further stated that the period was subject to a variation of about two weeks, and that with a young mother (relatrix being about 16 years of age) he never knew the time to overrun by more than 2 weeks, and, if it did, there would probably be complications; 270 days prior to the birth of the child would fix the date of the conception at December 8, 1927. Deducting the further period of 2 weeks as the greatest variation to be expected according to the medical testimony in this record, conception must have taken place not earlier than November 24, 1927. Appellant earnestly urges that there is no evidence in this case sufficient to establish the fact that he had sexual intercourse with the relatrix at any date such as would render it physically possible for him to be the father of the child in question.

In her complaint in justice court filed before the birth of the child, relatrix fixed the date of her last intercourse with appellant, whereby she claimed the child was begotten, as October 15, 1927, and at the hearing in justice court relatrix stated the time as October, 1927. The complaint in circuit court charged the act as on or about the 27th day of November, 1927, and at the trial in circuit court she fixed the date of her last intercourse with appellant as a Sunday evening on the way home from a gathering of young people of the vicinity at the Heimrich residence about three miles from the John Nelick place where relatrix was then working. The Sundays in November, 1927, fell upon the 6th, 13th, 20th, and 27th. She states that she went to this party with Adam Schumacher who discovered a flat tire on his car when the party broke up; whereupon, with his consent, she went home with appellant, Fred Schumacher, and had intercourse with him in the front seat of the automobile on the road near John Nelick's house. Relatrix states (as does John Nelick) that she was at the John Nelick place

at that time for the purpose of staying with Nelick's wife because Nelick was at her own home assisting her father, John Schumacher, with threshing. Nelick apparently returned home nights, however, for he testified that he remembered the occasion in question and that he got up and opened the door for relatrix to enter the house. Nelick testified that they. finished threshing for John Schumacher "about the middle part of November." Relatrix testified that on the evening in question it was chilly but not very cold; that she rode in a Ford touring car with side curtains on, wearing a coat but no overshoes; that appellant did not have on any overcoat and had no wraps or blankets in the car; and that, when she and Adam Schumacher started for the party in question about 7 o'clock in the evening, it was not yet dark and she could see everything plainly all around. Relatrix admitted her statement at the preliminary examination that the intercourse in question took place on October 15th, and then proceeded to say that she did not know when it was except that she was sure that the last time was while she was at Nelick's place, and that she thought it was in November because she talked to John Nelick about it and he said that she had worked for them in November. She states that she also worked for John Nelick in October. John Schumacher, Jr., brother of relatrix, testified that his father's threshing machine was pulled home about October 18th in the fall of 1927; that on that date they did the last stack threshing for his father; and that this was the last time that John Nelick helped them with threshing in 1927. Rose Schumacher, a cousin of relatrix, attended the party in question, and recalls the circumstance of the flat tire on Adam Schumacher's car, and the circumstance of relatrix, who had come to the party with Adam, going home with appellant, Fred, but does not undertake to fix the date beyond saying that it was in the fall and was "kind of cold." She further says, "It was in the fall. I do not know what time it was." Adam Schumacher, who took relatrix to the party on the evening in question, states that it was in September, 1927. Hilda Schumacher, a sister of Rose and a cousin of relatrix, also attended the party in question and remembers the circumstance of relatrix coming with Adam and going home with Fred, but does not remember what time of the year it was except that it was in the fall and it was a little cold.

The foregoing statement is a fair resume of all the evidence introduced by respondent tending to show intercourse by appellant with relatrix at any time when it would be physically possible for the child to be conceived as a result thereof. In making such statement we have entirely disregarded all evidence introduced by appellant.

We are of the opinion that the evidence, viewed most favorably to respondent, is wholly insufficient to support the verdict of the jury, and the judgment and order appealed from are therefore reversed. The proceeding being civil in nature (State ex rel Crooks v. Cummins, 56 S. D. 439, 229 N. W. 302), appellant's motion for directed verdict should have been granted, and the cause is remanded with directions to enter judgment accordingly.

All the Judges concur.