STATE ex rel. WOLLOCK, Respondent, v.
BRIGHAM, Appellant

(33 N. W.2d 285.)

(File No. 8969. Opinion filed July 2, 1948.)

**John Carl Mundt** and **T. R. Johnson,** both of Sioux Falls, for Appellant.

**H. C. Mundt,** of Sioux Falls, for Respondent.

HAYES, J.   Maxine Wollock, married to Lee Wollock in June 1944, and still his wife, brought suit against the defendant seeking to have him declared to be the father of a child born to her in March 1947, and seeking also a judgment compelling the defendant to support said child.

Upon application therefor by Mrs. Wollock the trial court, over defendant's objections, entered an order requiring defendant to submit to a blood test.   From such order leave was granted to defendant to appeal.   His assignment of error challenges the propriety of the order of the trial court upon the ground that the same compels him to give evidence which may tend to incriminate him and violates the code provisions hereinafter referred to.

The motion of respondent upon which the trial court entered the order we now review simply moves the court for an order requiring appellant "to submit to a blood test to determine whether or not the defendant, James Brigham, is the father * * *".   The affidavit in support of said motion states in substance the issue of paternity as presented by the pleadings and the willingness of the plaintiff and her child to submit to blood tests and demands that the defendant submit to a test "to determine the paternity of said child".   The affidavit then nominates a physician to conduct the tests and refers to SDC 36.0602.   It is readily observed that plaintiff's application was predicated upon the erroneous assumption that paternity may be established by blood tests.

In State v. Damm, 64 S. D. 309, 266 N. W. 667, this court recognized blood tests as admissible in proceedings in which paternity is at issue and held that the trial court has inherent power and authority, in the exercise of its reviewable discretion, to order the taking of blood for purposes of making tests if the results, in the court's opinion, are likely to be helpful in ascertaining the truth.   The court did not then have before it an application such as is in the instant case presented.   The source of SDC 36.0602 is given as Supreme Court Rule 540 of 1939 and includes the recitation and Federal Rule 35(a), are amplified for blood tests in accordance with State v. Damm, supra. Passing the question whether the section last numbered is in conflict with SDC

37.2116 we turn to the showing before the court upon which the order appealed from was entered. The general statute first referred to authorizes the court "on motion for good cause shown" to order a party to be examined.

The paternity of the child cannot be determined by testing and classifying blood from the defendant and comparing the same with like tests of blood of respondent and the child. Such tests may in some instances prove non-paternity. They never establish paternity. Numerous cases involving the question are collected in 163 A. L. R. 939, and the annotations superseded thereby. See also 10 C. J. S., Bastards, § 82 and 1948 cumulative annual pocket part. In Smith v. Smith, 71 S. D. 305, 24 N. W.2d 8, this court held that the results of blood tests not tending to exclude either the husband or another man under suspicion were not helpful. No case is cited in support of an order based upon an application such as respondent's and we believe that there is none. No possible benefit could result to her should blood grouping tests be made such as were sought by respondent. We believe, therefore, that the showing in support of the order appealed from was insufficient to establish good cause within the meaning of SDC 36.0602 and that the same should be set aside. It is so ordered.

All the Judges concur.