STATE ex rel. SIEVERT, Appellant, v.
MERRIGAN, Respondent

(46 N. W.2d 909)

(File No. 9155. Opinion filed March 26, 1951)

**T. R. Johnson,** Sioux Falls, for Appellant.
**Stordahl, May & Boe,** Sioux Falls, for Respondent.

HAYES, J.   Appealing from claimed errors on the part of the trial court during and subsequent to a jury trial in a bastardy proceeding relatrix contends that testimony respecting her prior conduct was inadmissible and prejudicial, that her motions for a new trial were improperly denied and that the evidence upon which the jury found the defendant

not to be the father of twin daughters born to relatrix in July, 1949, was insufficient to sustain the verdict. We consider these three points in the order stated.

During the course of the trial the court, over the objection of relatrix, permitted a witness to testify that while relatrix and three young men rented rooms in his home in the fall or early winter of 1947 he heard footsteps that "seemed to be coming from the boys' room into her room". Arguing that such a statement is proof of acts of intercourse, relatrix vigorously asserts that her cause before the jury was thereby prejudiced and that reversible error resulted from the testimony mentioned and quoted above. To this argument and these assertions respondent answers that the testimony complained of was not prejudicial, that the same did not tend to establish acts of intercourse between relatrix and the men roomers and that under an instruction approved by relatrix proof of previous unchastity was competent for the consideration of the jury in determining the issue. With respondent's position we agree.

██ ██ The instruction referred to above directed the attention of the jury to testimony disclosing that relatrix at a prior time had borne a child out of wedlock. This instruction then advised: "In this connection, you are instructed that previous unchastity on the part of the complaining witness, Lydia Sievert, if any, is not a defense to the charge which is made against the defendant in this action, if the defendant is, in fact, the father of the twin daughters born to the complaining witness this year, **but evidence along that line is competent for you to consider,** together with all of the· evidence now remaining in this case, for the purpose of determining the issue which has been brought before you, that is, whether or not the defendant, Omer Merrigan, is the father of the twin daughters born to Lydia Sievert this year." (Emphasis supplied). As above noted, relatrix agreed that this instruction was a proper statement of the law of the case. She cannot now be heard to complain that the trial court gave an instruction with which she was satisfied or that testimony in keeping with the law agreed to was improperly admitted. An instruction

accepted by the parties becomes the law of the case. Lallier v. Pacific Elevator Co., 25 S.D. 572, 127 N. W. 558; Torbet v. F. W. Woolworth Co., 59 S.D. 47, 238 N.W. 140. In view of the instruction approved by the litigants we think it follows that the testimony about walking around upstairs was clearly not prejudicial.

Motions of relatrix for a new trial urge the harmful effect of the testimony we have treated above, the alleged insufficiency of the evidence upon which the jury based its verdict and the refusal of the trial court to grant a new trial in order that the twin daughters might be exhibited for comparisons with physical features of respondent. A motion for new trial predicated upon the testimony treated and referred to above and upon the alleged insufficiency of the evidence was served and filed on October 12, 1949. A second motion for new trial was filed on January 27, 1950, six months and one day after the birth of the twin girls. From the record it does not appear that the babies were exhibited to the trial judge at any time prior to the presentation of said second motion or the date of the order denying the same. In an affidavit of relatrix advising the court that the babies of six months bore features like those of respondent it is stated: "That one of them has blue eyes exactly like the defendant. That neither the plaintiff nor any of her immediate relatives has blue eyes, but on the contrary each has brown eyes. That the defendant has blue eyes exactly like one of said daughters herein."

However, an affidavit by respondent's counsel respecting the color of respondent's eyes set the issue squarely by stating in positive terms that respondent's eyes are brown and not blue as stated under oath by relatrix. We point to this clash as indicative of the character of conflicting testimony from which the jury concluded to absolve respondent from the claim made against him.

The trial before a jury began on September 27, 1949, the twins being then but three months old. Having gone to trial at that time, and before features of the twins claimed to be similar to those of respondent's are said to have come to light, it is the contention of relatrix that a retrial should

now be had under SDC 33.1605(4) relating to newly discovered evidence. Counsel do not agree that the twins were newly discovered at the age of six months. They are in accord, however, that in a number of jurisdictions it is deemed proper to exhibit to the court or jury, or both, for comparison with the putative father an infant with features sufficiently developed to permit of comparison. But at this time we are called upon to decide only whether or not the trial judge abused his discretion in denying the second motion for new trial.

■ It has long been established in this jurisdiction that a ruling of the trial court granting or denying a motion for new trial will not be disturbed on appeal unless it is made to appear clearly that such ruling constituted an abuse of sound judicial discretion. Island v. Helmer, 63 S.D. 362, 258 N.W. 812; Behringer v. Muchow, 72 S.D. 80, 30 N.W.2d 5.

Relatrix elected to bring her proceeding and go to trial at a time when the babies were doubtless regarded as too young to exhibit features now claimed to resemble those of respondent. She did not offer to submit the twins for inspection by the jury to which she presented her case. Passing the question whether more fully developed physical characteristics of the twins would constitute newly discovered evidence within the meaning of the cited code subsection, we turn to the affidavit of relatrix, the affidavit of respondent and the transcript of the evidence upon which the trial court decided that a new trial should not be granted. In passing the stated question we deem it not improper to note that counsel have directed our attention to no authority for or against the proposition that a second trial should be allowed due to corporal indications which are said to have developed after a verdict against the claim the putative father was required to meet at a prior trial. On the general question of exhibiting a child for comparison in bastardy proceedings we have not ignored the statements of law appearing in 10 C.J.S., Bastards, § 92, and 7 Am.Jur., Bastards, § 36, and the view stated in State ex rel. Berge v. Patterson, 18 S.D. 251, 100 N.W. 162.

■ It is quite evident that the affivadit of relatrix informing the court of her opinion that the twin babies had developed features resembling respondent was not of such persuasive character as to induce the trial judge to believe that a different result would likely ensue if another trial was had, if the children were then thought to continue to bear features of resemblance and if they would be available at another trial and thereupon be exhibited for comparison. It is observed that although the affidavit of relatrix argues the question whether or not she should be allowed to show the children to the jury in the event of another trial she did not advise the court that the children would be available at a subsequent trial and that she would produce them thereat. Our view of the entire record is that the trial court did not abuse his discretion in deciding that the so-called newly discovered evidence would not likely produce a different result upon a retrial. Island v. Helmer and Behringer v. Muchow, both supra.

■ We choose not to set forth the evidence and testimony upon which relatrix relied and the testimony on respondent's part which the jurors believed. We think it sufficient to state that material testimony given by relatrix was clearly shown to have been pure fabrication and that other testimony about her relations with respondent was far from convincing when viewed in the light of sharply conflicting testimony which the jurors deemed worthier of belief. We find nothing to uphold the contention that the verdict of the jury was contrary to or unsupported by the evidence.

The judgment and denial of new trial are affirmed.

All the Judges concur.