STATE ex rel. FITCH, Respondent v. POWERS, Appellant

(62 N. W.2d 764)

(File No. 9376. Opinion filed February 16, 1954)

**John E. Walsh** and **James T. Goetz,** Yankton, for Plaintiff and Respondent.

**L. E. Schreyer,** Lake Andes, **R. R. Rueb,** Wagner, **A. B. Beck,** Yankton, for Defendant and Appellant.

LEEDOM, J. Appellant was found by a jury to be the father of a child of respondent in a proceeding brought under SDC 37.21. He appeals from the judgment providing support for the child and from an order denying a new trial. In a very careful consideration of the numerous assignments we fail to find reversible error and affirm the judgment entered in the circuit court.

Certain of appellant's assignments of error are specifically abandoned in the brief. Certain others, not specifically abandoned, are not argued. We eliminate still others here by discussing only those which in our opinion raise substantial questions.

 A group of assignments relate to conduct of counsel and to the manner in which the jury was polled. No exception was taken at the time of the occurrence complained of in any of these instances. The general rule of course is that failure to object to this kind of error at the time amounts to a waiver of the error, if it is such that the trial court could have taken steps to overcome any resulting prejudice. We believe all of the matters raised in these particular assignments are controlled by this principle. Assuming however

that any of the alleged error here involved was such that it could not have been corrected at the time and therefore was not waived by failure to make timely objection, such error was considered by the circuit judge on the motion for a new trial. Questions thus presented must be determined by the trial judge in an exercise of sound legal discretion. In our opinion the circuit court was well within its authority in denying this motion for a new trial. See Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410; Greve v. Bisson, 69 S.D. 208, 8 N.W.2d 859; Voegeli v. Schultz, 67 S.D. 537, 295 N.W. 493; Behseleck v. Andrus, 60 S.D. 204, 244 N. W. 268, 88 A.L.R. 596. As to the polling of the jury, it appears from affidavits later filed that each juror was asked if the verdict was that of the jury rather than if it was his own verdict. It is not shown or claimed that the verdict was for appellant rather than against him as shown in the poll, or that he suffered any prejudice from such irregularity as occurred and to which no exception was taken at the time. The situation is analogous to that in State ex rel. Berge v. Patterson, infra, and the error harmless.

 The trial court admitted in evidence a letter written to respondent by appellant during the pregnancy. It contained a controversial phrase explaining his failure to call on her. He wrote "* * * I'm enjoying my freedom while I still can". The trial court denied appellant an opportunity to give an explanation of what he meant by this language. Assuming the letter was competent evidence against appellant as a quasi-admission, he should have been given a chance at explanation. Wigmore, Evidence, § 1059. In arguing that the letter should not have been admitted because it was wholly immaterial it is stated in appellant's brief that "* * * it is so ambiguous that it does not prove nor tend to prove any of the issues involved in this case." Appellant's own estimate of the weakness of the letter as evidence, even unexplained, may be accurate in which case he did not suffer from its admission. Just what explanation he wanted to give is not apparent either from the question asked him or the objection made to the question. It is entirely possible that an attempted explanation would have had absolutely no evidentiary value and it might conceivably have been damaging to ap-

212

pellant. In the absence of an offer of proof from which it appeared to the trial court that the explanation excluded was material appellant cannot base error on this ruling of the trial court. State v. Murray, 49 S.D. 429, 207 N.W. 454; Hanson v. Township of Red Rock in Minnehaha County, 7 S.D. 38, 63 N.W. 156.

■ ■ On cross-examination appellant was asked if he had ever offered respondent money to have an abortion. Before counsel had finished an objection to the question appellant gave the answer "No". It is now urged that the very asking of the question constitutes reversible error. In this kind of suit it is admissible to show in proving paternity acts or declarations related to procuring or attempting to procure abortions. 10 C.J.S., Bastards, § 86. The question therefore related to a relevant subject. One of the qualities of questions held to be improper in themselves invariably is that they relate to a fact or a claim about which counsel has no right to inquire. Annotation 109 A.L.R. 1089, 1091. The trial court in response to the objection made clearly indicated that since the appellant had answered "No" it was his opinion no harm had been done. This became another matter to be determined primarily by the trial judge on the motion for new trial. Even if the asking of the question did constitute improper conduct, and that we do not hold or imply, the record shows that the trial court did not abuse his discretion in deciding as he did in denying the new trial that the question had no real influence on the jury.

■ Respondent with the court's consent took the child in her arms to the witness stand in the presence of the jury. Her counsel later argued that there was resemblance in certain physical traits of the child and appellant. It is now urged not only that it is error to display a child to the jury in such a case as this but also that counsel in stating it was his purpose only to identify the baby was guilty of misconduct in later basing an argument on a display of the child. This latter contention has already been disposed of hereinbefore as it is among those assignments first discussed involving occurrences as to which timely objection was not made. We observe further however in this connection that the trial judge was not misled in that he answered on inquiry

from appellant's counsel as to the purpose in showing the baby, that he assumed the purpose was both to identify it and to display it to the jury.

▆ There is a sharp conflict in the authorities as to the propriety of exhibiting a child to a jury as evidence of paternity. 7 Am.Jur., Bastards, §§ 36 and 121; 10 C.J.S., Bastards, § 92; Annotation 40 A.L.R. 97, 111, 163, and 95 A.L.R. 314, 315, 319. This court has never ruled on the question although it has been discussed to some extent in State ex rel. Berge v. Patterson, 18 S.D. 251, 100 N.W. 162; State ex rel. Larson v. Benson, 46 S.D. 565, 195 N.W. 437; and State ex rel. Sievert v. Merrigan, 73 S.D. 574, 46 N.W.2d 909. We reject the rule that holds it is never admissible evidence to display the child to the jury. From the other variations of the rule that hinge largely on the matter of the child's age we need not here select a rule for all future cases and that we do not do. We simply hold that in this case the display of this baby even though very young did not constitute error. In so holding we seem to be conforming to a rule sometimes said to be most sound and one propounded by Professor Wigmore. It leaves to the trial judge a preliminary determination of the question as to whether or not the child is sufficiently mature to have developed fixed physical features and then permits, by the display of the child, a comparison of specific traits. Wigmore, Evidence, § 166, p. 627.

The judgment of the circuit court is affirmed.

All the Judges concur.