VANDER WERF, Respondent v. ANDERSON, Appellant

(195 N.W.2d 145)

(File No. 10974. Opinion filed March 1, 1972)

**Sam W. Masten,** Canton, for defendant and appellant.

**Simons, Gibbs & Feyder** by **Frank P. Gibbs,** Sioux Falls, for plaintiff and respondent.

HANSON, Presiding Judge.

This is an action by Shirley Vander Werf to determine parentage and to obtain support for her child born out of wedlock. By agreement the action was tried to the court without a jury. The court found defendant to be the father and ordered

him to pay the expenses of pregnancy in the amount of $1,185.32 and support for the child from the time of birth until age 16 in the amount of $10 per week. Defendant appeals contending the evidence is insufficient to sustain and support the judgment.

Proceedings to determine parentage of a child born out of wedlock are in no manner uniform in terminology, practice, or procedure. At common law an illegitimate child was called **"filius nullis** — son of no one — or **filius populi** — son of the people. His position in the community was one of ignominy and he had no rights in law". Vol. 10 Am.Jur. Trials, p. 659. Many states still retain stigmatizing bastardy actions. Others provide paternity suits or filiation proceedings. The various proceedings fall into three general categories (1) criminal, (2) quasi-criminal, and (3) civil.

Paternity proceedings in this state are patterned after the Uniform Illegitimacy Act. Although our act is tinted with some criminal overtones relating to apprehension of the defendant and enforcement of the judgment it is basically civil in nature and governed by civil rules of practice and procedure. SDCL 25-8-26 provides all such trials "shall be conducted as in other civil cases."

A preponderance of evidence will sustain proof of paternity, State v. Bunker, 7 S.D. 639, 65 N.W. 33, State v. Knutson, 18 S.D. 444, 101 N.W. 33, State ex rel. Crooks v. Cummins, 56 S.D. 439, 229 N.W. 302, State ex rel. Conroy v. Plucker, 56 S.D. 573, 229 N.W. 934, State ex rel. Schumacher v. Schumacher, 61 S.D. 51, 245 N.W. 926, and the unsupported and uncorroborated testimony of the mother is sufficient for this purpose, State v. Dachtler, 43 S.D. 414, 179 N.W. 655. We are not disposed to require a greater quantum of proof. To do so would require a higher degree of proof in civil actions to determine paternity than is required in criminal actions to prove rape. See companion case of State v. Dachtler, 43 S.D. 407, 179 N.W. 653.

The evidence in this case shows plaintiff gave birth to a normal male child by Caesarian section, on August 18, 1968 at a Sioux Falls hospital. The child was named Mark Allen Vander

Werf. The birth certificate does not contain a father's name. At the time, plaintiff was 27 years of age, single, and lived with her mother and brother on a farm near Canton, South Dakota. She was employed by the Otis Radio Company in Canton.

According to plaintiff she met the defendant, Merle Anderson, in January 1965 and dated him once or twice a month until November 9, 1967. From the fall of 1966 to November 9, 1967 they engaged in sexual relations once or twice a month. Plaintiff's menstrual period ended November 2, 1967. On November 9, 1967 she claims to have spent the evening with defendant in the V.F.W. Club in Canton. They left the club about midnight and had intercourse which resulted in pregnancy.

Plaintiff consulted a doctor on January 16, 1968 who confirmed her pregnancy and advised she could expect the child in August, 1968. During the period from January to August 3rd, 1968, she had four conversations with defendant about her condition. The last conversation took place on August 3rd at the farm where she lived. Defendant came there in response to her request. Defendant denied making any admissions of parenthood, promises of marriage, or financial aid, during any of the conversations as testified to by plaintiff.

At the conclusion of plaintiff's evidence Mark Allen was brought into the courtroom and viewed by the presiding judge. Mark was two years and eight months old at the time. The propriety of exhibiting a child to a jury as evidence of paternity was approved in State ex rel. Fitch v. Powers, 75 S.D. 209, 62 N.W.2d 764. The court adopted the Wigmore Rule which "leaves to the trial judge a preliminary determination of the question as to whether or not the child is sufficiently mature to have developed fixed physical features and then permits, by the display of the child, a comparison of specific traits."

At the time of trial defendant Anderson was 38 years of age and had married for the second time. He lived in Sioux Falls and worked for the K & R Company in Canton. He admitted having sexual relations with plaintiff but testified their relations terminat-

ed in the latter part of August or first part of September 1967. He denied having relations with plaintiff on November 9, 1967 because he was cleaning deer at the Kenneth Lind home near Sioux Falls until after midnight. This was corroborated by the testimony of Mr. and Mrs. Lind. According to their testimony defendant and Lind had been hunting together for years. Late in October 1967 they hunted prairie deer in the west river. Their party of four obtained four deer. Mrs. Lind joined the party and the hunt continued in the Black Hills where they obtained five more deer. The hunting party returned to Sioux Falls late Sunday evening on November 5th. The deer were left hanging in the Lind garage until the evening of November 8th at which time defendant and Lind commenced dressing them out. The work was not completed so defendant returned to the Lind home about 6 p. m. on November 9th and did not finish dressing and packaging the deer meat until about 12:30. Defendant testified he then received his share of the meat, loaded it in his car, and went directly home.

Defendant contends plaintiff failed to sustain the burden of proof as her prima facie case was overcome or at least equalized by corroborated evidence that he was not with her during the night of November 9, 1967. He asserts the evidence was then in equipoise which compelled her to go forward with further proof. As the case was left in equipoise plaintiff failed to sustain the affirmative burden of proof.

██ We cannot agree the rule advanced by defendant applies to the facts in this case. The trial judge observed the witnesses. He saw the child. As the trier of facts he was the judge of the credibility of the witnesses and the weight and value of all the evidence. The trial of this action did not take place until February 10, 1971. On cross-examination defendant could not recall the exact dates he cleaned deer after the 1966, 1968 and 1969 hunting trips. Mr. and Mrs. Lind were similarly uncertain in this respect. Evidently the trial judge was not convinced of the certainty of the past recollections recalled by the witnesses concerning the year 1967 as he characterized their testimony as "subject to the explanation of indulging in rationalization." This

conflict in the evidence was a matter for resolution by the trial court. As we are unable to conclude the findings of fact are clearly erroneous they must be sustained.

■ ■ Finally, defendant contends there is no evidence in the record to sustain the judgment requiring payments for the support of the child as the record is silent as to his financial condition. This contention is also without merit. Our statutes impose a legal obligation on the father of an illegitimate child to pay a reasonable share of the necessary maintenance, education, and support of the child. SDCL 25-8-2 and 25-8-5. Also the father is liable to pay the expenses of the mother's pregnancy and confinement. SDCL 25-8-3. The court is given continuing jurisdiction over proceedings to compel support and to increase or decrease the amount thereof, until the judgment is completely satisfied. SDCL 25-8-40. The measure of a father's obligation to support is a reasonable share of the needs of the child. Obviously, the wealth and earning capacity of a defendant may properly be considered in determining the amount of support he may be required to furnish, 10 Am.Jur.2d, Bastards, § 122, p. 931, but direct proof of such factors is not necessary. In the present action defendant appeared in court. The court had an opportunity to observe him. He was 38 years of age and employed. Apparently he was in good health. He bowled and hunted. This was sufficient proof of earning capacity to support the relatively small award of support granted by the court.

Affirmed.

All the Judges concur.