A. C. JOHNSON, Appellant, v. CLYDE L. HERRING et al., Appellees.

No. 43276.

JANUARY 19, 1937.

H. W. Hanson, for appellant.

Edward L. O'Connor, Attorney General, and Harry Garrett, Asst. Attorney General, for appellees.

MITCHELL, J.—The plaintiff, a resident and citizen of the State of Iowa, and an honorably discharged soldier of the war with the Imperial German Government, brought this action for a writ of certiorari under Code section 1163, alleging that he occupied the position of yardman and relief fireman, under the supervision and control of the custodian, of the Capitol grounds, since on or about the 16th day of May, 1933, and that he was employed by the Executive Council of the state of Iowa; that without cause he was discharged from this position on November 16, 1934; that no hearing upon due notice upon stated charges was had, as required by section 1163 of the Code of 1931, altho the executive council had been notified in writing of the status of the plaintiff herein, and his rights under the Soldiers' Preference Act, chapter 60 of the Code of 1931; that he is

the head of a family, and is entitled to the provisions of such act. He prayed that a writ of certiorari issue out of the district court in and for Polk county, commanding defendants herein to certify fully to said court a transcript of the record and proceedings had with respect to the position of yardman and relief fireman, together with all the facts relating to said matter; that said proceedings be annulled, set aside and held for naught, and he have judgment for his costs herein, and for the salary appertaining thereto; and that upon final hearing the defendants be ordered to reinstate the plaintiff.

Defendants in this case are the Executive Council of the State of Iowa and H. B. Dunlap, who, it was alleged in the petition, is the duly appointed, acting and qualified custodian of the Capitol grounds and building of the State of Iowa. In the petition for the writ the plaintiff does not name the person or department that discharged him.

The district court granted the relief, and all of the defendants, with the exception of H. B. Dunlap, filed a return to the writ, in which they stated that the Executive Council did not discharge the plaintiff and took no action with reference to his discharge; that no motion or resolution was made or passed by the Executive Council with reference to same; that they had in their possession no records relating to the said discharge, except payroll records that appear in the office of H. B. Dunlap as custodian of the Capitol grounds, and in the office of the Honorable Leo J. Wegman, Treasurer of the State of Iowa; that said payroll records make no reference to the discharge of said plaintiff; that no motion or resolution was made or passed by the Executive Council with reference to the discharge of the said Johnson, no records were made by said Executive Council and no proceedings had with reference to said matter.

Thereafter an amendment was filed to the petition, by the plaintiff, in which he set up that D. B. Johnston was the acting custodian of the Capitol grounds of the State of Iowa; that the office of custodian was vacant.

H. B. Dunlap and D. B. Johnston filed a separate return to the writ, in which H. B. Dunlap alleged that his term of office as custodian ended on January 2, 1935, and that he had no records other than those referred to in the return theretofore filed by the other defendants herein. Thereafter H. B. Dunlap filed an answer, in which he admitted he had discharged the plaintiff,

1128

but expressly alleged that he had a good and sufficient reason and ground therefor.

A trial was had, and the district court annulled the writ. Plaintiff has appealed.

The appellant in this case bases his right upon the fact that he was hired by the Executive Council and discharged by the Executive Council. He does not claim that anyone else discharged him, nor does he argue that he has any rights because he was discharged by anyone other than the Executive Council.

There isn't one word of evidence in this record to sustain the charge made by the appellant that he was discharged by the Executive Council. Having failed to prove that it was the Executive Council that discharged him, the lower court was right in annulling the writ and dismissing appellant's petition, and it necessarily follows that this case must be, and it is hereby, affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, PARSONS, and HAMILTON, JJ., concur.