RUSSELL, Appellant, v. CROW, Respondent.

(245 N. W. 249.)

(File No. 7126. Opinion filed September 16, 1932.)

*Robert C. Hayes, Charles R. Hayes,* and *Clinton G. Richards,* all of Deadwood, for Appellant.

*Bailey & Voorhees* and *T. M. Bailey,* all of Sioux Falls, and *Francis J. Parker,* of Deadwood, for Respondent.

WARREN, J. On the 6th day of September, 1928, the plaintiff, Fannie M. Russell, was injured while on a trip as an invited guest of the defendant, Emmett L. Crow, her brother-in-law, in his automobile. The trip was being made from Lead, S. D., to Rawlins, Wyo., the accident occurring in Wyoming. After passing through Lusk, Wyo., they were proceeding west on a graveled highway in excellent condition, and at about three miles west of Shawnee Creek they came to a long gradual curve down from a low slope. The curve was from a half to three-quarters of a

mile long, the road crossing a bridge at the bottom, and was built up about 8 feet higher than the surrounding country. Along the north side of the road, for approximately 100 yards, was built a guard rail of 4x4 posts about 10 feet apart, two and one-half feet high, with two 10-inch planks nailed thereto. The guard rail extended to about 65 feet east of the east end of the bridge. The defendant was driving at a speed approximately fifty miles per hour, the plaintiff being seated in the rear seat of the car. As the car approached the end of the guard rail, a calf came out on the road. The defendant's car struck the calf, turned over twice, and landed down at the bottom of the embankment. Plaintiff was quite severely injured therefrom.

This action is brought for compensation for said injuries. The action was tried to a jury. At the close of the testimony, the defendant moved for a directed verdict, which motion was denied. The court gave its instructions and the jury returned a verdict in favor of the plaintiff. The defendant then moved for a judgment notwithstanding the verdict, which motion was granted, and an order was made by the trial court. The plaintiff excepted to said motion being granted, settled the record, and has perfected her appeal to this court therefrom.

The appellant assigns the single error as to the rendering of the judgment for the defendant notwithstanding the verdict of the jury for the plaintiff under the evidence in this case.

Both appellant and respondent have presented and argued the evidence; one in support of the verdict, the other of the failure of the evidence to support the verdict. There is also before us the law of Wyoming governing the conduct and speed of drivers of motor vehicles upon the highways. The question of negligence and contributory negligence of the parties was properly and on appropriate instructions submitted to the jury who returned a verdict for the plaintiff.

The respondent upon motion for judgment notwithstanding the verdict presented the matter to the trial court, who after consideration set aside the verdict. We have examined with much care the evidence contained in the record before us and find that it is conflicting in many respects.

The defendant's testimony concerning his qualifications and

experience in driving and the manner and speed that he was driving is narrated in the abstract as follows: "Hoisting engineer for the Homestake Mining Company. Has owned and driven cars since 1912. The contemplated trip to Rawlins was three hundred seventy miles. Was driving a Studebaker Commander, 1927 Model, in excellent condition. The accident occurred beyond Lusk and about three miles the other side of Shawnee Creek. It was a state highway in excellent condition, graded up fine, nicely graveled, smooth road. I couldn't say for sure how fast I was driving as I went toward this spot where the accident occurred. I had been running from forty to fifty miles an hour some times, forty-five to fifty I would say was the fastest I had run. Not much traffic on the road. I was going down the road and I know I could have seen the place for a quarter of a mile." The plaintiff testified: "He was going pretty fast from Lusk to the place of the accident. He might have slowed down, but then as a rule he was going fast. He was driving fast and steadily, I imagine as he left Lusk. I have never driven a car and I don't know how fast he was driving." One of the witnesses called by the defendant, on cross-examination, testified: "There is a hill to the northeast of this bridge about a half mile. From the time that the automobile came over the hill coming west I was in plain sight of it all the time. Some of the cattle were stringing along and across the highway. There was cattle on both sides of the highway. I think they would be visible, yes. I do not think the depth of the grade would hide the stock or obscure the vision so that one could not see the stock unless it would be where the path went along the bank. I think this car was going about forty to fifty miles an hour. I would say that fifty miles an hour wouldn't be awfully fast coming down that hill. The driver of this car did not appear to slack up any. That was what I noticed about it that was different from the other drivers." Another of defendant's witnesses, on cross-examination, stated: "I believe a person driving a car from the east could see cattle on either side for a distance of two hundred yards from where the accident occurred."

Upon further examination, we find defendant's testimony that "he was looking at the road and never had his eyes off of the road; that he saw the calf going right over the top of the grade at about

the time he hit it; that he applied the brakes and slid the wheels when he was within 25 feet of it." He also stated he did not see any other animals along the road.

 It was within the province of the jury to reconcile the conflicting evidence, apply the law contained in the instructions by the court which were not excepted to by either party, to weigh the evidence in the light of the existing statutes of the state of Wyoming, and to say if the respondent's conduct was such that he should be chargeable and responsible for the injuries sustained by the appellant. Peet v. Dakota Fire & Marine Ins. Co., 1 S. D. 462, 47 N. W. 532; Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Franz Falk Brewing Company v. Mielenz Bros., 5 Dak. 136, 37 N. W. 728; Taylor v. White River Valley Ry. Co., 29 S. D. 12, 135 N. W. 758; Mundon v. Greenameyer, 44 S. D. 440, 184 N. W. 257; Winans v. Light, 52 S. D. 359, 217 N. W. 635; Sandberg v. Dinger (Minn.) 243 N. W. 385. In Pinches v. New Farmers' Grain Co., 52 S. D. 198, 201, 217 N. W. 190, 191, we said: "The questions involved in the trial were presented to the jury upon evidence which would sustain a verdict either way, and under such circumstances this court will not disturb the verdict." We are of the opinion that there was sufficient evidence to sustain the verdict of the jury.

 The fact that appellant was a gratuitious guest did not relieve the respondent of the duty of exercising ordinary care to avoid injury. The great weight of authority sustains the rule that the owner of an automobile is liable for injuries through the operation of the car by him to an invited guest if he fails to exercise care reasonably commensurate with the nature and hazard attending such mode of travel in unreasonably exposing the guest to danger or injury by increasing such hazard. Barger et al v. Chelpon, 60 S. D. 66, 243 N. W. 97; Cleary v. Eckart, 191 Wis 114, 210 N. W. 267, 51 A. L. R. 576; Benjamin v. Noonan et al, 207 Cal. 279, 277 P. 1045; Bolton v. Wells, 58 N. D. 286, 225 N. W. 791; Avery v. Thompson et al, 117 Me. 120, 103 A. 4, L. R. A. 1918D, 205, Ann. Cas. 1918E, 1122.

The Supreme Court of North Dakota, in Dubs v. Northern Pacific Ry. Co., 42 N. D. 124, 171 N. W. 888, in considering a case upon an order of the trial court granting a judgment non

obstante veredicto and the alleged negligence and alleged contributory negligence upon facts somewhat similar to the case at bar, said: "To sustain the order of the trial court granting judgment non obstante, it must appear clearly upon the whole record, as a matter of law, that the defendant was entitled to a judgment on the merits. First State Bank v. Kelly, 30 N. D. 84, 98, 152 N. W. 125, Ann. Cas. 1917D, 1044."

No useful purpose would be served by incumbering this opinion by setting forth the matters claimed by respondent constituting appellant's contributory negligence in failing to warn and repeatedly warn the respondent to drive carefully and that he was driving too fast, and especially in this case, where the appellant stated that she did not know how fast he was driving and that previous experience in riding with him indicated that warning to the effect that he was driving too fast did not affect or lessen the speed. The appellant's version was stated as follows: "I knew better than to say anything to him about it. I did not tell him he was going too fast because we always say that to him. I did not do any back seat driving at all."

■ The question of the plaintiff's contributory negligence was upon instructions submitted to the jury. The record does not contain exceptions or requests for a submission of contributory negligence in addition to the instructions given by the trial court. Therefore the instructions given by the court became the law of the case, and the jury by their verdict having found for the appellant, the jury's verdict is final.

The judgment appealed from is reversed. The circuit court is directed to set aside and vacate the judgment entered notwithstanding the verdict, and to enter a judgment upon the verdict found by the jury as of the date of the rendition of said verdict.

POLLEY and RUDOLPH, JJ., concur.

CAMPBELL, P. J. (dissenting). Believing that the learned trial judge was entirely correct in rendering judgment non obstante, I am compelled to dissent. I think there should be an affirmance.

ROBERTS, J., dissents.