PETERS, Respondent v. HOISINGTON, et al., Appellant

(37 N. W.2d 410.)

(File No. 8994. Opinion filed April 23, 1949.)
Rehearing Granted Aug. 19, 1949.

544

**Davenport, Evans & Hurwitz** and **Deming Smith,** all of Sioux Falls, for Defendant and Appellant.

**Claude A. Hamilton** and **Thomas J. Barron,** both of Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J. Plaintiff brought this action to recover damages for personal injuries sustained in an automobile accident. Harley Hoisington, driver of the automobile, and Harley H. Hoisington, its owner, are named as defendants. At the conclusion of all the testimony defendants moved

separately for directed verdicts. The motion of the owner of the automobile was granted. The cause was submitted to the jury as against the other defendant and a verdict in the sum of $7,375 was returned in favor of the plaintiff. Motion for judgment n. o. v. was denied. Judgment was rendered on the verdict and this appeal followed.

As grounds for reversal appellant urges that the evidence is insufficient to support the verdict in that plaintiff was guilty of contributory negligence that proximately contributed to his injuries; that appellant was not liable for ordinary negligence because it conclusively appears from the evidence that plaintiff was transported in appellant's car as a guest; that counsel for respondent was guilty of prejudicial misconduct; that the trial court made prejudicial comment during course of argument to the jury; that the court erred in receiving over objection expert testimony given by a witness not appointed by the court and without reasonable notice to the appellant; and that the court erred in giving certain instructions and in refusing requested instructions.

■ When the sufficiency of the evidence to support a verdict is challanged the court must view the evidence in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every reasonable inference that can be drawn therefrom. The statement of the evidence will be made in the light of this basic rule.

The respondent, Ben Peters, resided in the city of Sioux Falls and for several years had been employed by the Great Northern Railway Company as a boilermaker and at times as a fireman. On Sunday, February 16, 1947, at about nine o'clock in the evening plaintiff, dressed in his work clothes, went to a tavern known as Henry's Place. Respondent asserts that he had not seen appellant at any time during that day prior to eleven o'clock in the evening when the latter came into Henry's Place and asked him to fix the lights on appellant's car which had been "flickering" or "cutting out." Respondent had installed a battery in the Hoisington car two or three days previously and knew that there was something wrong with the wiring.

Respondent called the father, Harley H. Hoisington, as an adverse witness under the statute. He testified that he said to his son, the appellant, when he asked to use the car to go to his uncle's place near Wentworth: "You can't drive it up there with the lights that way, you know the lights are not working on it." He further testified: "I said if you get them fixed, all right, but don't go out on the road with them that way because it was quite a ways up there and I knew the conditions of the road at that time." He asserted that there were no indications at that time that his son had been drinking.

After checking the battery cables on the car, plaintiff and appellant drove from Henry's Place to Pat's Tavern where, plaintiff testified, he had a drink of whiskey mixed with "7-Up" and appellant had two such drinks. Appellant was not certain about having more than two drinks at this place and whether the bottle from which the whiskey was poured was a pint or half pint. From this place the parties drove to the V. F. W. Club. Appellant went inside while respondent sat in the car with the motor running. Appellant testified that in this place he had a "couple of drinks or more" with friends. Appellant was in the V. F. W. Club about half an hour and then he and respondent drove west on Tenth Street leading directly away and not toward the home of respondent and turned south on Grant Avenue where the car stalled. It started when pushed by a passing car. At the time of the accident which occurred at about 1:30 A.M. they were driving west on highway 16 at a rate of 35 to 40 miles per hour. Plaintiff warned defendant about the slippery condition of the highway and said to him: "Take it easy, slow down a little." When the car left the highway and overturned plaintiff had his head up against the dash attempting to check the wiring underneath the dash. Plaintiff suffered a dislocation and fracture of the cervical vertebrae.

Fred Baker, deputy sheriff, testified that when he arrived at the scene of the accident respondent was being removed from the overturned car to an ambulance and that appellant was intoxicated and was placed under arrest.

Appellant pleaded guilty in municipal court to a charge of driving while under the influence of intoxicating liquor.

We will first consider the question whether the trial court erred in refusing to rule that plaintiff as a matter of law was guilty of contributory negligence in riding with the appellant.

Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one conclusion pointing unerringly to the negligence of the plaintiff contributing to his injury. Jensen v. Juul, 66 S. D. 1, 278 N. W. 6, 115 A. L. R. 1280. In other words, where the minds of reasonable men might differ, it is for the jury to determine disputed questions of fact as to contributory negligence and it is the province of this court to determine whether there is sufficient evidence in the record to sustain the finding of the jury.

Contributory negligence in this case can only be predicated upon the fact that plaintiff knew or should have known that appellant was under the influence of intoxicating liquor. In Miller v. Stevens, 63 S. D. 10, 256 N. W. 152, cited by appellant, it is said with reference to a guest and host situation that plaintiff knowingly acquiescing in maintenance of a speed of 50 miles per hour by her host assumed the risk incident thereto. In Hall v. Hall, 63 S. D. 343, 258 N. W. 491, 492, also cited by appellant, this court said: * * * that a nonpaying passenger, when he enters an automobile, should and does assume the risk of any injury resulting from the lack of proficiency of the driver, at least to the extent that the degree of proficiency is known to the nonpaying passenger." Under the circumstances in the instant case, it is argued that it clearly appeared that prior to the accident a danger existed entirely inconsistent with the safety of the plaintiff. It does not follow from evidence that a person had been drinking and thereafter drives his car that as a matter of law he was driving while under the influence of intoxicating liquor. It is the knowledge of the passenger that intoxication exists that places him in the category of one who is deemed to take his chances of an accident and resulting injury. We cannot say as a matter of

law that plaintiff knew, or should have known, that appellant was under the influence of intoxicating liquor and was contributorily negligent in continuing to ride with him. This distinguishes the instant case from the cases in other jurisdictions cited by counsel. They include Schubring v. Weggen, 234 Wis. 517, 291 N. W. 788, wherein the court held that the driver had become obviously drunk. And in Hicks v. Herbert, 173 Tenn. 1, 113 S. W.2d 1197, 1199, cited by appellant, the court said: "Plaintiff was in a position to see just as much of defendant and of defendant's condition as were the other witnesses testifying in the case. Defendant was in such condition as to make it apparent to all the other witnesses that he was drunk and in no fix to drive an automobile. We do not see how any reasonable person could have reached a different conclusion under the circumstances. * * * Such being the plight of the record, the trial judge did not err in holding as a matter of law that plaintiff was guilty of contributory negligence, barring his recovery." There was no testimony in the instant case that the conduct of appellant before the accident obviously indicated intoxication and from which it can be said as a matter of law that plaintiff knew or should have known that appellant was under the influence of intoxicating liquor. We are of the opinion that this issue was properly submitted to the jury.

Appellant also contends that plaintiff was a guest within the meaning of the guest statute, SDC 44.0362, and that the court should have so instructed the jury. The statute applies to a person "transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation." In Scotvold v. Scotvold, 68 S. D. 53, 298 N. W. 266, 271, it was said that this statute does not apply to "passengers who have become such for the substantial benefit of the owner or operator." See also Schiltz v. Picton, 66 S. D. 301, 282 N. W. 519; Forsling v. Mickelson, 66 S. D. 366, 283 N. W. 169; McMahon v. De Kraay, 70 S. D. 180, 16 N. W.2d 308. There is evidence that plaintiff made the trip at appellant's request, not for reasons of his own pleasure or good fellowship as counsel

contend, but in order to render a requested service for appellant. The jury was instructed as to whether plaintiff was a guest or passenger. It is not material whether the record would support a finding that plaintiff was a guest. The jury found plaintiff to have been a passenger and there is ample evidence to support such finding.

■ It is claimed that there was injected into the trial by implication the matter of liability insurance. On cross-examination counsel for plaintiff asked appellant over objection concerning a statement made two or three days after the accident. Plaintiff had a right to determine whether appellant had made prior statements conflicting with evidence given. Behseleck v. Andrus, 60 S. D. 204, 244 N. W. 268, 88 A. L. R. 596. The examination of this witness elicited no reference to liability insurance and we do not think that the record sustains the claim that counsel designedly injected into the trial by implication that there was liability insurance.

■ It is claimed that counsel for plaintiff was guilty of misconduct in addressing a juror by his first name. When appellant objected the trial court made the following comment: "Gentlemen, I have instructed you in regard to deciding this case fairly and impartially upon the evidence and not to pay any attention to any remarks of court or counsel which are not warranted by the evidence, and I am going to leave it that way. You pay attention to the instructions and evidence as given you." The practice of addressing individual jurors by name or of singling out a particular juror and personally appealing to him is improper. Declaring a mistrial for improper argument, however, rests in the sound discretion of the trial court. Behesleck v. Andrus, supra. Under the record, we do not think that the court abused its discretion and we do not feel justified in interfering with the ruling of the trial court in refusing to declare a mistrial. Appellant complains of other statements made to the jury by counsel, but we find nothing in them warranting a reversal.

■ Appellant claims reversible error because of alleged prejudicial remarks made by the trial judge. Mr.

Barron, a deputy state's attorney of Minnehaha county, appeared as one of the attorneys for the plaintiff. Counsel for plaintiff objected to statements made during argument on behalf of the appellant "with reference to Tom Barron, as deputy states attorney and where he should have been and what he should have been doing" because there was no evidence in the record to sustain such statements. In sustaining this objection the court expressed the opinion that Mr. Barron was a conscientious official. Counsel for appellant voiced no objection to the remarks of the court until the jury had retired. If there had been timely objection the court would have had the opportunity to correct the prejudicial effect, if any. The appellant cannot now predicate error upon remarks of the court made in the presence of the jury when the attention of the court was not directed to the matter by timely objection. See Smith v. Smith, 71 S. D. 305, 24 N. W.2d 8.

A further contention requiring consideration is that the court erred in permitting plaintiff to call an expert to testify without complying with Supreme Court Rule adopted Sept. 12, 1942, 68 S. D. XII; Cumulative Annotation, SDC 36.01. This rule, an adoption of the Uniform Expert Testimony Act, reads in part as follows:

"(1) Court Empowered to Appoint Expert Witnesses. Whenever, in a civil or criminal proceeding, issues arise upon which the court deems expert evidence is desirable, the court, on its own motion, or on the request of either the state or the defendant in a criminal proceeding, or of any party in a civil proceeding, may appoint one or more experts, not exceeding three on each issue, to testify at the trial.

"(2) Notice When Called by Court. The appointment of expert witnesses by the court shall be made only after reasonable notice to the parties to the proceeding of the names and addresses of the experts proposed for appointment.

"(3) Notice When Called by Parties. Unless otherwise authorized by the court, no party shall call a witness, who has not been appointed by the court, to give expert testi-

mony unless that party has given the court and the adverse party to the proceeding reasonable notice of the name and address of the expert to be called."

It will be noted that the court may allow an expert to testify though no notice has been given in advance. The judge conducting a jury trial has broad discretionary powers and control over the presentation of evidence. The rule recognizes this and the action of the court is reviewable only for abuse of discretion. The witness, as disclosed by the record, is a physician and surgeon. He assisted in removing plaintiff from the wrecked car to an ambulance and was thereafter called upon to examine and treat the plaintiff. The opinion of this witness was based on his personal observations and this is not a case where the facts to be considered by the expert were placed before him as a hypothesis. The provision for notice in this rule serves to guard against surprise and to enable an adversary to investigate the professional standing of the proposed expert witness. No question was raised concerning the qualifications of the witness and appellant and his counsel knew that this witness was at the scene of the accident and thereafter was plaintiff's physician. There is no intimation of surprise. These considerations lead us to conclude that there was not an abuse of discretion on the part of the trial court.

We are of the opinion that the assignments of error involving the giving of certain instructions and the refusal of requested instructions present no reversible error. In instruction No. 14 the court charged the jury as follows: "If you find for the plaintiff, he would be entitled to recover such sum as would reasonably compensate him for the injury and damage he has sustained, not exceeding $21,110.00 as claimed by him. And, in determining this amount, you may take into consideration the injury sustained by him and the pain and suffering endured, if any, his loss of earnings, and whether or not the injuries are permanent, always remembering that the damages must be reasonable." We cannot agree that inasmuch as SDC 37.1702 provides that damages may be awarded in an action "for detriment resulting after the commencement thereof, or certain to

result in the future" this instruction did not give a correct application of the law. An identical statute was considered in the case of Leonard v. North Dakota Coop. Wool Marketing Association, 72 N. D. 310, 6 N. W.2d 576, where it was held that recovery was not limited to damages which are certain to result in the future. The court quoting from Larson v. Russell, 45 N. D. 33, 176 N. W. 998, 1002, said: "We are of the opinion that the word 'certain' appearing in the statute is not used in the absolute sense. It relates to the future, and therefore cannot be construed as only embracing those consequences or elements of damages which are absolutely certain to follow a given injury, for future happenings are necessarily somewhat uncertain. The section had its origin in the original Field Code, § 1467, Draft of Civil Code for the State of New York (1862), and the commissioners contented themselves with citations to Sedgwick on Damages, 104, and Wilcox v. Plummer['s Ex's], 4 Pet. 172, 182, 1 L. Ed. 821 [824]. Reference to these authorities discloses that the rule of damages codified by the section in question is the rule according to which all damages for a given jury must be recovered in one suit, which requires, according to the rule stated by Sedgwick, § 86, that the recovery shall embrace not only compensation for loss already sustained, 'but also for such loss as he (the plaintiff) can with reasonable certainty show will accrue in future.' Sedgwick further points out that a contrary rule had formerly existed in England under which damages were allowed only to the time of the commencement of the action. Comyn's Digest, Damages, D; Pilford's Case, 10 Coke 115B [77 Eng. Reprint 1102]. The clear purpose of the statute, then, was to alter this rule, and enable a plaintiff to recover damages which are reasonably certain to accrue in the future."

 This does not mean that the matter of measuring damages may be left to mere speculation on the part of the jury. Facts must exist and be shown by the evidence which afford a basis for measuring the loss of the plaintiff with reasonable certainty. We think that the testimony of the physician who attended plaintiff justified a submission of the issue of permanent injury.

Appellant contends that he was entitled to have instructions given to the jury which emphasized the fact that intoxication is not negligence as a matter of law. While this is a correct statement of the law as applied to this case, the court properly instructed the jury on the questions of negligence and contributory negligence. It was not error to refuse to amplify the instructions given which substantially cover the principle embodied in the requested instructions.

The judgment appealed from is affirmed.

All the Judges concur.