HANISCH, Appellant v. BODY, Respondent

(90 N.W.2d 924)

(File No. 9681. Opinion filed June 24, 1958)

Rehearing denied July 10, 1958.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Plaintiff and Appellant.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendant and Respondent.

HANSON, J.   This is an action to recover damages for personal injuries caused by a collision of automobiles. Plaintiff was riding as a guest passenger in one of the vehicles involved.   He asked for damages in the amount of $18,500 in his complaint.   The jury awarded $1,000.   An application for a new trial was made by plaintiff upon the grounds of, (1) grossly inadequate damages, appearing to have been given under the influence of passion or prejudice, and (2) insufficiency of the evidence to justify the verdict.   The trial court denied the application for a new trial and entered judgment on the verdict.   Plaintiff appeals from the order denying a new trial and from the judgment.

The single question presented is whether or not a new trial should be granted because of an inadequate award of damages.   Incidental considerations are defendant's negligence, the plaintiff's contributory negligence, and the application of our comparative negligence law.

The statutory causes for granting a new trial are set forth in SDC 33.1605.   Under subsection (5) a verdict may be vacated and a new trial granted for "Excessive damages appearing to have been given under the influence of passion or prejudice."   We have no similar express statutory authorization for a new trial because of inadequate damages. However, an award of inadequate damages is a ground for granting a new trial in this state on an assignment of insufficiency of the evidence to justify the verdict. Sayer v. Lee, 41 S.D. 252, 170 N.W. 148; SDC 33.1605(6). In the case of Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240, 244, the North Dakota court cited the Sayer case in construing their identical statutory provisions.   The North Dakota court upheld an order of the trial court granting a new trial for inade-

quate damages stating "It is clear to us that the trial court determined that under the evidence presented in the case the verdict of the jury awarded damages inadequate to a degree incommensurate with substantial justice, or in other words, the verdict was not justified by the evidence, which is a statutory ground for granting a new trial under subsection 6 of Section 28-1902 RCND 1943." See also Harper v. Superior Air Parts, 124 Cal.App.2d 91, 268 P.2d 115.

■■ A new trial will not be granted because of inadequate damages merely because the court believes the verdict smaller than it should be. In tort actions involving personal injuries the amount of damages is peculiarly a question for the jury. This court has said "the verdict of the jury will not be set aside except in extreme cases as where it is the result of passion or prejudice or the jury has palpably mistaken the rules of law by which damages in the particular case were to be measured." Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700; Simons v. Kidd, 73 S.D. 306, 42 N.W.2d 307, 309.

■■ An application for a new trial is addressed to the sound judicial discretion of the trial court and the only function of this court is to determine whether that discretion has been abused. Johnson v. Olson, 71 S.D. 486, 26 N.W.2d 132. In determining whether the trial court abused its discretion in denying an application for a new trial the evidence must be viewed in the light most favorable to the verdict.

Viewed in such light the evidence shows the accident occurred in the early evening of November 12, 1956, about 8 miles northwest of Sioux Falls on Highway 38. It was a holiday and the pheasant hunting season was still open. The traffic westbound out of Sioux Falls was light. However, the traffic eastbound into Sioux Falls was extremely heavy and the cars were traveling almost bumper to bumper.

The plaintiff, Lawrence Hanisch, was riding in the front seat of a 1953 Plymouth sedan driven by his father-in-law, Rex Pippett. The two families were on their way to Hartford to attend an American Legion supper. The driver, Rex Pippett, aged 66, was a retired farmer and carpenter. As they drove along plaintiff was aware of the heavy on-

coming traffic.  Some of the cars had their lights on high beam.  Plaintiff was not endeavoring to help Pippett watch the road ahead and left the operation of the car entirely up to the driver.

The defendant, Michael Body, was driving his 1946 Ford car west on the highway some distance ahead of the Pippet automobile.  Defendant and his family had been visiting in Sioux Falls and were returning to their home in Mitchell.  A short distance west of the Ellis road intersection an eastbound car driven by Dick Severtson suddenly pulled out from its south lane of traffic and came toward defendant in the north lane.  The Severtson car was pulling a trailer and turned into the north lane when the cars ahead suddenly stopped.  When defendant observed the Severtson car coming toward him he applied his brakes and the Severtson car averted a collision by turning north off the highway into a farm driveway.  After stopping Severtson and the defendant got out of their cars and had a short conversation.  Defendant's car was left standing on the highway.  After talking with Severtson a few moments defendant got back into his car and shortly afterwards the rear end of his vehicle was struck by the Pippett automobile.  There is a conflict in the testimony as to whether or not defendant's car was standing still at the time of the impact or had started to move forward.  While defendant's car was parked on the highway its headlights, two red taillights, and a license number light were on.

The Pippett car had been traveling 40 to 45 miles per hour before the accident.  Its lights were on low beam.  As they approached the Ellis intersection a car went across the highway at the intersection about 300 feet ahead. In doing so it stirred up dust.  Shortly after passing the Ellis intersection Pippett and plaintiff both saw a dark object 80 or 90 feet ahead of them in their lane of travel.  Pippett took his foot off the gas and started applying his brakes.  The dark object turned out to be defendant's car.  The front end of the Pippett car struck the rear end of defendant's vehicle.

The Pippett car left tire marks 10 to 12 feet before the point of impact.  It came to a stop practically at the point of

collision. Defendant's car was shoved a few feet ahead and was later driven down into the ditch 150 to 200 feet from the point of impact.

As a result of the accident plaintiff suffered a fracture of the left knee. He was 45 years of age, had an eighth grade education, a life expectancy of 25 years, and was a meatcutter by trade. Plaintiff was hospitalized from November 12 to November 20, 1956. He was immobilized in a plaster cast until the middle of February, 1957. For a time thereafter he used crutches and was using a cane at the time of trial. He expended $383.28 for medical care. Being unable to work for four months he incurred loss of earnings in the sum of $500. According to the uncontradicted medical testimony plaintiff suffered a 60 per cent partial disability in the use of his left leg because of demineralization, muscle weakness, pain, and limited flexion. The permanent partial disability will be 40 per cent. He endured considerable pain and suffering in the past and will continue to do so in the future. Future medical care will be needed. He will always walk with a limp and will be somewhat restricted in his future recreational activities.

■ The defendant's negligence consisted of parking his vehicle on the paved or improved portion of the highway, when he was free to proceed or to park on the graveled shoulder, contrary to SDC 44.0324 and in stopping on the highway without first ascertaining if the operation of any other vehicles using the highway would be affected by such movement contrary to SDC 44.0317. After the Severtson car turned off the highway defendant was at liberty to proceed or he could have parked his automobile off the main traveled or improved portion of the road. The jury could not consider the actions of Severtson in mitigation of defendant's liability.

■ ■ The plaintiff's contributory negligence, if any, is not so apparent. As the guest passenger the negligence of the driver of the automobile in which he was riding was not imputed to him. The care required of a passenger in an automobile driven by another is that required of an ordinarily prudent or reasonable person under like circumstances. Scheuring v. Northern States Power Co., 67 S.D. 484, 294

N.W. 175. The duty of a guest passenger is more fully summarized in 5A Am.Jur., Automobiles and Highway Traffic, § 789, p. 736, in the following language:

"While the guest has no duty to direct or control the driver who has physical control of the car, but may trust him until it becomes clear that such trust is misplaced, there is a point where passive reliance upon the driver ends and the duty of a guest to exercise ordinary care for his own safety begins. If the guest sees, or ought by due diligence to see, a danger not obvious to the driver, or sees that the driver is incompetent, careless, or not taking proper precautions, it is his duty to give some warning of danger, and a failure to do so constitutes contributory negligence. In other words, a passenger may not rely blindly upon the skill and driving judgment of the person at the wheel. At precisely what point the duty arises to change from passive reliance to active protest is largely a factual question to be properly decided by the jury upon the basis of the available facts and circumstances."

■ We are unable to conclude as a matter of law that plaintiff was contributorily negligent. As a guest he was not charged with the same strict legal duty to maintain a lookout as the driver. There is little evidence to indicate plaintiff saw a danger not obvious to the driver nor is there any indication the driver of the car in which he was riding was incompetent, careless, or not taking proper precautions. The issue remained for the jury, however, to determine as a matter of fact whether or not he was exercising the care required of an ordinarily prudent person under all of the circumstances presented. In no event could the degree of plaintiff's negligence be considered by the jury more than slight in comparison to defendant's negligence.

■ The general verdict does not reflect whether or not the jury found plaintiff guilty of contributory negligence and reduced the amount of his damages accordingly. Under our comparative negligence law the fact plaintiff may have

been guilty of contributory negligence would not bar a recovery when the contributory negligence of the plaintiff is slight and the negligence of defendant gross in comparison, but the contributory negligence of the plaintiff should be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff. SDC Supp. 47.0304-1. The $1,000 damages awarded by the jury in this case compensates plaintiff for his past medical expenses and loss of earnings in the total amount of $883.28. It leaves $116.72 as a compensation for the 60 per cent temporary partial disability of his left leg; for the 40 per cent permanent disability of his leg; for future medical expenses; and for past and future pain and suffering. The amount awarded by the jury is grossly inadequate and disproportionate to the injuries sustained. Under our comparative negligence law the jury could only reduce plaintiff's damages in proportion to his slight contributory negligence, if any. This permissible reduction does not explain the substantial disparity between the damages sustained and the compensation awarded.

In our opinion the jury in this case was palpably mistaken as to the application of our comparative negligence law, or the effect of Severtson's conduct, resulting in an unwarranted compromise on the issues of liability and damages. In either event substantial justice requires a new trial on all of the issues.

A new trial on the issue of damages only cannot be granted in personal injury actions where the jury may mitigate damages under our comparative negligence law.

Reversed.

All the Judges concur.