SCHOENROCK, Respondent v. CITY OF SISSETON et al., Appellants

(103 N.W.2d 649)

(File No. 9783. Opinion filed June 13, 1960)

**Milton Cameron,** Sisseton, **Benjamin D. Mintener,** Pierre, for Defendants and Appellants.

**Wm. J. Holland, Wallace R. Brantseg,** Sisseton, for Plaintiff and Respondent.

ROBERTS, P.J. Plaintiff Grace Schoenrock brought this action to recover damages for personal injuries claimed to have resulted from the negligent operation of a street maintainer owned by the city of Sisseton and operated by defendant Dickerson, an employee of the city. The complaint alleges that on July 27, 1956, about 5:45 o'clock in the afternoon, plaintiff was a passenger in an automobile driven by her husband proceeding in an easterly direction on a certain street in the city of Sisseton; that when plaintiff's driver turned his automobile to the left into the north lane of the street and undertook to pass, defendant Dickerson without warning backed the maintainer to the left into the north lane striking the automobile and injuring the plaintiff. Defendants answered denying all allegations of neglig-

ence and alleged that the collision was caused by the negligent and unlawful operation of the automobile owned and driven by Arnold V. Schoenrock and that the automobile was operated in violation of a city ordinance providing that police and street departments shall have the right of way on all streets within the city.

The cause came on for trial and at the close of plaintiff's evidence, defendants made the following motion for directed verdict: "May it please the Court, at this time the defendant, the City of Sisseton and H.B. Dickerson move for a directed verdict for the reason and upon the grounds that the plaintiff has failed to establish negligence on the part of the City of Sisseton or the operator of the blade. Further, that the evidence failed to establish that the injuries resulting to the plaintiff as alleged was a result of the negligence or carelessness on the part of the City of Sisseton or H. B. Dickerson its employee. That having failed to show that the accident resulted in injuries, if any resulted to the plaintiff, were as a result of the carelessness of the defendant or the plaintiff's husband Arnold Schoenrock and not that of the defendant City of Sisseton or H. B. Dickerson.".The trial court denied the motion and defendants submitted their evidence. Defendants did not at the close of all the testimony again move for a directed verdict. The jury returned a verdict for plaintiff in the amount of $7,000. Defendants then made a motion for a judgment notwithstanding the verdict "upon the grounds that the verdict is excessive and would appear to have been the result of passion, prejudice, and not in accord with the weight of the testimony, as well as excessive." The court denied this motion and judgment was entered on the verdict.

▬▬ It is contended that the function of maintaining streets is essentially governmental rather than proprietary and hence a municipal corporation is immune from liability for injuries sustained through its negligence in performing such function. Unless it appears as a matter of law from the allegations of a complaint that the acts complained of were

committed in furtherance of a governmental function, the defense of immunity to be availed of must be pleaded. City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135; Foust v. City of Durham, 239 N.C. 306, 79 S.E.2d 519. The issue was neither pleaded nor presented to or passed upon by the trial court. It is the settled rule in this jurisdiction that a question or issue may not be presented for the first time on appeal. Kindley v. Williams, 76 S.D. 225, 76 N.W.2d 227, 57 A.L.R.2d 1070.

■ Defendants contend that the court erred in permitting two medical witnesses to testify to statements made by plaintiff to them relating to the cause and circumstances attending the accident. On direct examination Dr. Brauer was asked the following question and gave the following answer. "Q. What was that history? A. I usually take a history, and she told me that she was riding in a car which was involved in an accident with a road-grader or road machine. And while she was sitting in the front seat, the impact throwed her forward and threw her head against the dashboard". Dr. Batt, also an attending physician, was permitted over objection of defendants to testify: "She (plaintiff) stated that she had been in an auto accident in the automobile of her husband * * *. They were driving behind a road grader when this road grader stopped at a corner. They stopped behind the road grader and began to pass, at which time the road grader in front of them backed into the front of their car. This impact caused the patient to be thrown forward, striking her forehead on the dashboard above the glove compartment of her car, at which time she was rendered unconscious.. In the same motion of being thrown forward and striking her forehead, her right shoulder struck the window crank of the right front door of the automobile."

Counsel for plaintiff contend that the statements were admissible under well recognized exception to the rule excluding hearsay; that an attending physician may testify as to the history of an injury related to him by his patient for purposes of diagnosis or treatment. Statements made to a physician relating to cause of injury or circumstances concerning the manner in which an accident

occurred are not within scope of the exception. See Annotations in 67 A.L.R. 10; 80 A.L.R. 1527 and 130 A.L.R. 977. We are satisfied that defendants were not prejudiced even though the statements were inadmissible. They were cumulative of other evidence as to the cause of the injury and the circumstances attending the accident.

Defendants called W. E. Prior to testify as to the reputation of another witness for truth and veracity. The witness testified that the reputation of Nathan White was "bad". The court struck the answer on the ground that the testimony did not relate to credibility under oath. Counsel for defendants then proceeded to examine the witness as follows: "Q. I have inquired whether you are acquainted with Nathan White. For how many years have you known Mr. White? A. Oh, I would say four years. Q. Are you acquainted with his reputation for truth and veracity under oath? A. No, I am not".

This Court has held that the credibility of a witness may be impeached by cross-examination, by proving previous contradictory statements and acts, by producing the record of his conviction of some infamous crime, by adducing generally evidence tending to show that the witness is unworthy of belief on oath. State v. Tarlton, 22 S.D. 495, 118 N.W. 706. Where it is sought to impeach a witness for truth and veracity, the impeaching witness may first be asked if he is acquainted with the general reputation of the witness for truth and veracity in the community of his residence. If the witness answers affirmatively, he may then be asked what that reputation is. 6 Jones Commentaries on Evidence, 2d Ed., §§2415, 2418. A few states adhere to the common-law rule, making the personal belief of the impeaching witness the sole source of proof. Other jurisdictions confine the testimony to reputation for truth and veracity. The great weight of authority sustains the view that after the impeaching witness has testified that he knows the general reputation of the other witness for truth and veracity in the community and that it is bad may be asked if, from such knowledge of reputation, he would believe the witness under

oath. 6 Jones Commentaries on Evidence, 2d Ed., § 2421; see also for a full discussion of the subject VII Wigmore on Evidence, §§ 1982, 1985. The exclusion of the evidence of reputation for truth and veracity was error, but an examination of the record leaves us with the conclusion that the error was harmless and not ground for reversal.

 The trial court's instruction No. 14 informed the injury that the negligence of the husband of the plaintiff, if any, in driving the car was not imputable to the wife riding with him as a passenger. Defendants objected to the instruction on the ground that it was misleading and tended to impose on them an added burden. When an injury occurs through the concurrent negligence of two persons and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable. Krumvieda v. Hammond, 71 S.D. 544, 27 N.W.2d 583 and cases cited. There was no evidence to show that plaintiff exercised control over the driver or was engaged with her husband in a joint enterprise. In the absence thereof, we have held that the negligence of the husband while driving an automobile with his wife as a passenger may not be imputed to her. Lapp v. J. Lauesen & Co., 67 S.D. 411, 293 N.W. 536; Dippert v. Sohl, 74 S.D. 236, 51 N.W.2d 699, 29 A.L.R.2d 1. Defendants rely on the case of Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924, holding that the care required of a passenger in an automobile driven by another is that required of an ordinarily prudent or reasonable person under like circumstances. We are not in accord with their contention as to the applicability of that case to the facts of the instant action. There was no evidence of contributory negligence on the part of the plaintiff in the present action and under the circumstances the record would not have warranted submission of issues of contributory negligence or comparative negligence.

 Defendants contend that the verdict was rendered under the influence of passion and prejudice on the part of the jury and is not sustained by the evidence. SDC 33.1605 provides that a new trial may be granted for the following, among other, causes: "(5) Excessive damages appearing to

have been given under the influence of passion or prejudice; (6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law;". Questions of excessive damages described in subdivision 5 can be presented only on motion for new trial. Cf. Gamble v. Keyes, 39 S.D. 592, 166 N.W. 134; Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700; Stene v. Hillgren, 77 S.D. 165, 88 N.W.2d 109. If a party desires to test the question whether the verdict is excessive and insufficiently supported by the evidence even though it does not appear that the verdict was given under the influence of passion and prejudice, he may move for new trial under subdivision 6. Gamble v. Keyes, supra. Questions of insufficiency of the evidence described in subdivision 6 may be presented on appeal without the necessity of an application for a new trial if the questions by appropriate proceedings have been first presented and decided in the court below. SDC 33.0710; SDC 33.1607; Gednalski v. Dell Rapids Quarry Co., 70 S.D. 616, 20 N.W.2d 226; Chambers v. Wilson, 67 S.D. 495, 294 N.W. 180. SDC 33.1705 provides in effect that a motion for judgment notwithstanding the verdict may be made upon the same grounds as motion for directed verdict. The ruling of the court on such a motion when properly assigned as error is subject to review on appeal. However, defendants did not by such motion or otherwise bring to the attention of the court below the particulars in which the evidence is claimed to be insufficient. Defendants are consequently precluded from raising the question of excessiveness of the verdict on appeal.

Judgment appealed from is affirmed.

All the Judges concur.