MILLER et ux, Appellants v. BAKEN PARK, INC., Respondent

(178 N.W.2d 560)

(File No. 10586. Opinion filed July 7, 1970)

On rehearing opinion modified.

**Hanley, Wallahan, Driscoll & Murray, Costello, Porter, Hill, Banks & Nelson** Rapid City, for plaintiffs.

**Bangs, McCullen, Butler, Foye & Simmons,** Rapid City, for defendant.

ON PETITION FOR REHEARING

HOMEYER, Judge.

In an opinion filed on March 6, 1970, this court reversed the judgment in case # 10586, Miller v. Baken Park, Inc., S.D., 175 N.W.2d 605. The ground for reversal was the refusal of the trial court to give Instruction No. 19, which cautioned the jury that if it found the husband, Donald Miller, contributorily negligent his negligence could not be imputed to the wife, Elaine Miller.

In a petition for rehearing, which was timely filed, the defendant accepts the decision of the court on this point but strenuously objects to dicta contained in the opinion on matters which may arise on retrial. The majority of the court are of the opinion that there is merit in the petition and has reexamined the record on matters urged as having been overlooked or misapprehended.

It is the opinion of the majority that the court was in error when it said in Division IV that the record does not warrant submitting the issue of the contributory negligence of Elaine Miller to the jury.

The duty of the passenger is not the same as the duty of the driver as pointed out in the opinion, but the passenger may have a duty. Such duty may affect not only the right to recover, but under our comparative negligence law it may also have a decided bearing on the extent of recovery. We believe that in viewing the evidence in this record most favorably to the defendant it was for the jury to decide if Elaine Miller was contributorily negligent, i. e., if she acted as a reasonably prudent person would act under the circumstances and conditions then existing. This is consistent with prior decisions of this court. Simmons v. Leighton, 60 S.D. 524, 244 N.W. 883; Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924; Holdhusen v. Schaible, 60 S.D. 275, 244 N.W. 392; Russell v. Crow, 60 S.D. 230, 245 N.W. 249; Ziegler v.

Ryan, 65 S.D. 110, 271 N.W. 767; Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410.

The majority is of the opinion that this case can and should be factually distinguished from Schoenrock v. City of Sisseton, 78 S.D. 419, 103 N.W.2d 649, where in affirming a plaintiff's verdict we said the court did not err in refusing to submit the issues of contributory negligence or comparative negligence to the jury.

Except as herein modified, the former opinion is adhered to and the petition for rehearing is denied.

ROBERTS, Presiding Judge (dissenting in part).

The initial opinion holds that there were prejudicial errors in the giving and refusal of instructions requiring reversal of the judgment. Whether the evidence was sufficient to submit the issue of contributory negligence of Mrs. Miller to the jury was not necessary to a decision on appeal.

It does not appear that other evidence cannot be produced when the case is tried anew. The holding that in viewing the evidence in the light most favorable to defendant it was for the jury to determine whether Mrs. Miller was contributorily negligent is entirely gratuitous and is in no sense the law of the case.

BIEGELMEIER, Judge (dissenting in part).

Some of the original opinion dealt with defendant's negligence, the status of Mrs. Miller as invitee, assumption of risk and contributory negligence as to whether her husband chose the wrong route of travel around the shopping center on undisputed facts, and as to these it remains a guide to the trial court. In connection with the last point defendant's brief claimed Mrs. Miller was contributorily negligent because she failed to observe or protest his manner of driving. It is on this we differ on rehearing, an issue on which the evidence was not thoroughly developed at the trial. While I still believe that evidence was not of the quality here to submit that question to the jury, I recognize the evidence thereon may, and probably will, differ on retrial. It does not appear who had the food purchased or whether Mrs. Miller had

it in her care which would engage her attention at least part of the time while her husband drove the pickup. Because of that I agree with Judge Roberts that comment as to her contributory negligence was unnecessary to either the original or the one on rehearing.