Douglas K. BEYER and Norma J. Beyer, Jointly and Severally, Plaintiffs and Appellants,

v.

Alvin F. CORDELL, Defendant and Appellee.

No. 15730.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1988.

March 16, 1988.

Wally Eklund of Johnson, Eklund & Davis, Gregory, for plaintiffs and appellants.

T.F. Martin and Chris Nerland of McCann, Martin & McCann, P.C., Brookings, for defendant and appellee.

SABERS, Justice.

Douglas K. Beyer and Norma J. Beyer (Beyers) appeal jury verdicts in a negligence action claiming the court erred in allowing an amendment to the pleadings and in jury instructions.

### Facts

On December 12, 1978, some time after midnight, the Beyers were travelling east on U.S. Highway #212 near Watertown. There was testimony that the night was cold, there was some ice on the roads, and visibility was reduced. Near the intersection of Highway #212 and Interstate 29, the Beyers observed a semitrailer-truck blocking both eastbound lanes of Highway #212. Another car was stopped in the left eastbound lane. The Beyer vehicle slowed and stopped. After approximately two to five minutes, the Beyer vehicle was struck from behind by a vehicle driven by Alvin F. Cordell (Cordell). Cordell had been travelling east on Highway #212 at approximately 35 to 40 miles per hour. Cordell testified that he saw the "clearance lights" of the semi when he was approximately 100 feet from it. The Beyers' car was then about ten feet in front of Cordell. Cordell testified he saw only the tail lights on the Beyers' car and did not see any emergency flashers. The Beyers' car was "totalled" and the Beyers were injured.

On November 12th, 1981 (two years and eleven months after the accident), the Beyers sued Cordell, alleging his negligence

resulted in personal injuries to them (property damages were settled prior to the jury trial). At the trial on January 21st through 23rd, 1987, the Beyers introduced evidence of medical bills in excess of $15,000 and economic losses in excess of $40,000. Beyers asserted that continuing medical problems resulting from their injuries required continuing medical treatment and interfered with Douglas Beyer's ability to farm his land.

After the evidence was presented to the jury, but before instructions were settled, Beyers moved for directed verdicts. These motions were denied.

Cordell's original answer raised the defense of contributory negligence against Douglas Beyer (the driver), but not against Norma Beyer (the passenger). Cordell moved to amend his answer to conform to the evidence and assert the defense of contributory negligence against Norma Beyer. The trial court allowed the amendment.

During the settling of jury instructions, the trial court sustained the Beyers' objections to a proposed contributory negligence instruction, but gave a jury instruction on comparative negligence.

The jury returned a verdict of $11,980 for Douglas Beyer and $14,568 for Norma Beyer. The Beyers appeal.

1. TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ALLOWING CORDELL TO AMEND HIS ANSWER AND ASSERT THE DEFENSE OF CONTRIBUTORY NEGLIGENCE AGAINST NORMA BEYER.

■ An affirmative defense is not waived if the pleadings are properly amended to include the unpled defense or if the issue was tried by express or implied consent. *Schecher v. Shakstad Electric & Machine Works, Inc.*, 414 N.W.2d 303 (S.D. 1987). The decision to allow amendment of pleadings is within the discretion of the trial court. *Tesch v. Tesch*, 399 N.W.2d 880 (S.D.1987). SDCL 15–6–15(b) allows amendment of the pleadings to conform to the evidence. "The test for allowing an amendment under SDCL 15–6–15(b) is

whether the opposing party will be prejudiced by the amendment; i.e., did he have a fair opportunity to litigate the issue, and could he have offered any additional evidence if the case had been tried on the different issue." *Bucher v. Staley*, 297 N.W.2d 802, 806 (S.D.1980), *citing American Property Services v. Barringer*, 256 N.W.2d 887 (S.D.1977).

■ Cordell claims that the following evidence demonstrates Norma Beyer was contributorily negligent:

1. She was aware of the bad weather conditions and poor visibility.
2. She had a duty to maintain a lookout and did not.
3. The Beyer vehicle was parked on the highway for two to five minutes.
4. The Beyers were parked long enough to have a conversation as to whether they should turn around and go back.
5. She could have told her husband to pull off the highway and onto the shoulder.

In *Miller v. Baken Park, Inc.*, 84 S.D. 624, 632, 175 N.W.2d 605, 609 (1970), this court stated that the passenger's duty is "different from that of the driver." On rehearing, this court held that "it was for the jury to decide if [the passenger] was contributorily negligent, i.e., if she acted as a reasonably prudent person would act under the circumstances and conditions then existing." *Miller, supra, modified on rehearing*, 85 S.D. 133, 134, 178 N.W.2d 560, 561 (1970). This court in *Hanisch v. Body*, 77 S.D. 265, 90 N.W.2d 924 (1958), more fully stated the duty of a passenger by citing 5A Am.Jur. *Automobiles and Highway Traffic*, § 789:

While the guest has no duty to direct or control the driver who has physical control of the car, but may trust him until it becomes clear that such trust is misplaced, there is a point where passive reliance upon the driver ends and the duty of a guest to exercise ordinary care for his own safety begins. *If the guest sees, or ought by due diligence to see, a danger not obvious to the driver, or sees that the driver is incompetent,*

*careless, or not taking proper precautions, it is his duty to give some warning of danger, and a failure to do so constitutes contributory negligence....* At precisely what point the duty arises ... is largely a factual question to be properly decided by the jury upon the basis of the available facts and circumstances. (emphasis added)

*Hanisch, supra,* 90 N.W.2d at 927. Norma Beyer testified that she reached over and turned on the flashers in the car, and that she also saw the Cordell vehicle before it struck the Beyers and gave a verbal warning to her husband.

Although Cordell asserts five factual points to support the allegation of contributory negligence against Norma Beyer, in closing arguments, Cordell's counsel stated: " 'What is the negligence, if any, of Mrs. Beyer?' The only possible negligence would be: did she have a responsibility as ... a passenger in that car to say to her husband, 'We better pull over'?" * Regardless of whether there was one factual question or several, factual determinations are left to the jury except where the evidence allows but one conclusion to be drawn. "Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one conclusion pointing unerringly to the negligence of the plaintiff contributing to his injury." *Peters v. Hoisington,* 72 S.D. 542, 548, 37 N.W.2d 410, 413 (1949).

The facts used to attempt to prove Douglas Beyer's contributory negligence are much the same as those used to try to prove Norma Beyer's negligence. Norma Beyer's testimony was intended to dispute the claim of contributory negligence. The issue of contributory negligence was fairly litigated and the Beyers do not indicate that there was any additional evidence which could have been offered if the contributory negligence defense had been raised against Norma Beyer in the original pleading. Therefore, the trial court did not

abuse its discretion in allowing the amendment of Cordell's answer.

2. THE TRIAL COURT ERRED BY INSTRUCTING ON COMPARATIVE NEGLIGENCE WITHOUT CONTRIBUTORY NEGLIGENCE.

■ In determining whether a jury instruction resulted in prejudicial error, the instructions are reviewed as a whole. *Dwyer v. Christensen,* 77 S.D. 381, 92 N.W.2d 199 (1958).

The following instructions are relevant to this review:

Instruction # 5: [claims of the parties] (S.D.P.J.I. 20.01)

The plaintiffs claim that they were injured and sustained damages as a proximate result of the negligence of the defendant in one or more of the following respects: that the defendant did drive and operate a motor vehicle upon a public highway in such manner and with such negligence and want of ordinary care as to cause the same to collide and crash into the rear and left side of the vehicle of the plaintiffs without just cause or reason and rendered said vehicle of the plaintiffs a total loss, injuring the occupants therein.

The defendant denies that he was guilty of negligence in the doing of the things claimed by the plaintiffs, *and alleges that the accident and resulting damages to plaintiffs, if any, was caused by the negligence of Douglas K. Beyer.* (emphasis added)

Instruction # 17: [negligence] (S.D.P.J.I. 10.01)

Under the law as applied to the present case, every person is responsible for injury to the person or property of another, caused by such person's want of ordinary care or skill, *subject to the defense of contributory negligence.* When used in these instructions, *negligence means want of such ordinary care or skill. Such want of*

---

* Jury instruction No. 8 informed the jury that an admission of fact by an attorney for a party is binding on that party.

*ordinary care or skill exists when there is a failure to do that which a reasonably prudent person would do or when there is done that which a reasonably prudent person would not do;* this in each instance in the same or similar circumstances as existed in connection with the conduct which is under consideration. (emphasis added)

Instruction 17A: [comparative negligence] (S.D.P.J.I. 11.02)

*If the jury should find the plaintiff contributorily negligent, as elsewhere in these instructions defined,* the plaintiff may still recover if the jury should find that such contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant. *This rule has no application unless such contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant.* If the jury considers that such contributory negligence of the plaintiff exceeds that which in the circumstances is slight negligence in comparison with the negligence of the defendant, the plaintiff cannot recover. *If the jury should find that the plaintiff is contributorily negligent but under the rule just stated the plaintiff is still entitled to recover, then the damages to be awarded to the plaintiff must be reduced in proportion to the amount of the plaintiff's contributory negligence.* (emphasis added)

Beyers objected to the proposed instruction on contributory negligence (which instruction was refused) and to the instruction on comparative negligence (which instruction was given). Beyers claim, on appeal, that the trial court erred in giving a jury instruction which was not supported by competent evidence in the record. *Frazier v. Norton*, 334 N.W.2d 865 (S.D.1983). They also claim that giving the comparative negligence instruction was error when this instruction referred to a definition of contributory negligence which was not given.

Cordell responds that the negligence instruction (No. 17) and the comparative negligence instruction (No. 17A), viewed as a whole, properly instructed the jury on "the rights and duties of the parties." Cordell also claims that Beyers objected only to the proposed contributory negligence instruction and that Beyers' alleged acquiescence to the comparative negligence instruction should preclude them from taking advantage of any error they helped to create. However, the record shows the Beyers objected to both instructions. Therefore, this is not a case of invited error. *Taylor Realty Co. v. Haberling*, 365 N.W.2d 870 (S.D. 1985).

Although the reference to an earlier instruction defining contributory negligence where no such specific instruction was given may have created some confusion, if Instructions Nos. 5, 17, and 17A sufficiently instructed the jury, no error would exist. However, these instructions did not contain important information which would have been presented to the jury in a contributory negligence instruction.

South Dakota Civil Pattern Jury Instruction § 11.01 states:

In such actions as this, and except as otherwise elsewhere stated in these instructions, a claimant for damages cannot recover if he was himself contributorily negligent. Such contributory negligence exists when such claimant was himself negligent as negligence has been defined in another instruction, and when such negligence of the claimant, combined with the negligence of another or others, causes the accident. *Therefore, and if the jury should find such claimant himself negligent, it would not be contributory negligence unless the jury should also find that if it had not been for such claimant's negligence the accident would not have happened.* (emphasis added)

The jury in this case was never informed that even if they found either one or both of the Beyers negligent, it would not be contributory negligence unless they also found, but for that negligence, no accident would have occurred. There is no assur-

ance that the jury made this determination because they were not so instructed.

The failure to give a contributory negligence instruction was error in this case. *Zager v. Johnson*, 174 Neb. 106, 116 N.W. 2d 1 (1962); *Kollodge v. F. and L. Appliances*, 248 Minn. 357, 80 N.W.2d 62 (1956); *cf. Zacher v. Budd Co.*, 396 N.W.2d 122 (S.D.1986). Therefore, we reverse and remand for a new trial.

WUEST, C.J., and MORGAN, J., concur.

MILLER, J., concurs in part and dissents in part.

HENDERSON, J., dissents in part and specially concurs in part.

MILLER, Justice (concurring in part and dissenting in part).

I believe the trial court should be reversed on both issues. Therefore, I concur in part and dissent in part.

I am of the opinion that the trial court abused its discretion in allowing the amendment of the pleadings, after the close of all of the evidence (and the denial of plaintiffs' motion for a directed verdict), to add the defense of contributory negligence against plaintiff Norma Beyer (Norma).

I fully agree with the concept that a trial court's decision to allow an amendment is not to be disturbed unless there is a showing of a clear abuse of discretion which results in prejudice to the nonmoving party. Here, I believe the trial court's decision allowing the amendment was prejudicial to Norma. As Justice Henderson stated in *Tesch v. Tesch*, 399 N.W.2d 880, 882 (S.D.1987), "[p]rejudice is often shown when a party is surprised and unprepared to meet the contents of the proposed amendment." It was stated in another manner in *Bucher v. Staley*, 297 N.W.2d 802, 806 (S.D.1980), as "did [plaintiff] have a fair opportunity to litigate the [contributory negligence] issue, and could [she] have offered any additional evidence if the case had been tried on a different issue."

The record seems clear to me that Norma was surprised by the proposed amend-

ment. Further, she certainly did not have a fair opportunity to litigate the issue since the parties had rested prior to the time the amendment was allowed, and there had been no prior indication that such a defense would be raised against her.

It would appear that defendant's assertion of contributory negligence *against Norma* was an afterthought. In filing his answer (on December 2, 1981), he asserted the defense against plaintiff Douglas Beyer, but for some unknown and unspecified reason he made no such assertion against Norma. There was never any hint of a contributory negligence defense against Norma in any pleading, argument or otherwise until the end of trial in January 1987. Arguably, defendant laid in the weeds with his contributory negligence defense against Norma until after all the evidence was submitted. This, in my view, is tantamount to trial by ambush.

Additionally, I find nothing in the record indicating that Norma tried the issue of contributory negligence by either express or implied consent. *American Property Services v. Barringer*, 256 N.W.2d 887 (S.D.1977).

I express no opinion whether, on remand, defendant could properly be allowed to amend his answer prior to the new trial, since that issue is not before us.

HENDERSON, Justice (dissenting in part, specially concurring in part).

This was a December 12, 1978 accident and the case was tried on January 21–23, 1987. Hence, approximately nine years of delay. Appellate counsel for plaintiffs is not responsible for this delay, for there was previous counsel for plaintiffs. Defendant's answer was dated December 2, 1981, and was filed with the Codington County Clerk of Court on July 10, 1984. Said answer alleged, as a defense, the contributory negligence of plaintiff, Douglas K. Beyer, without any mention of alleged contributory negligence by plaintiff Norma Beyer. Defense counsel, to say the least, had adequate time (years) to allege contributory negligence of Norma Beyer, but did not do so. When the plaintiffs made a

motion, at the close of the evidence, for a directed verdict, it was specifically called to the attention of the court that not one shred of defense had been raised to Norma Beyer's claim of liability, whereupon defendant moved to amend his answer to allege contributory negligence. Norma Beyer was a passenger and the vehicle was not under her control. This mōtion was untimely and should have been denied by the trial court; it was totally stale and it was conceptually obnoxious, for there were no facts to justify such an amendment. Defendant testified that he was in a hurry to get home because there was a storm coming; he testified that he knew the roads were slippery because he skidded while coming to a stop at a stop sign as he entered Highway 212, which was the highway upon which the accident took place; he testified that the weather conditions were very bad, including snow, blowing, and being very cold on that night; he testified that the visibility was such that there were "spots where you couldn't hardly see at all"; he testified that he proceeded through the town of Watertown at 40 miles per hour under these treacherous conditions; he testified he could not see the clearance lights of the semi until he was about 100 feet from it; the motion for a directed verdict in favor of the plaintiffs and against defendant should have been granted, for the plaintiffs stopped their car, behind the semi, and had parked their car but for a few minutes before Cordell crashed into them with fury. The semitrailer truck had driven part way up a ramp and lost traction and then slid or backed down the ramp, blocking all eastbound traffic on Highway 212. In the left lane on Highway 212, another vehicle was stopped waiting for the traffic lanes to be cleared because of the precarious position of the semitrailer truck. The force of the impact was so great that the seats of the plaintiffs' automobile were totally broken away from the mounting and the plaintiffs' automobile was "totalled," *i.e.,* absolutely destroyed. Plaintiffs both suffered permanent partial disability. At the time that the defendant moved to amend to allege contributory negligence against Norma Beyer, not one negligent act or omission was called to the attention of the trial court by defendant's counsel to justify the granting of such an amendment. Notwithstanding, the court permitted the defendant to "amend the pleadings to conform to the proof." There was never any evidence demonstrating that the plaintiffs either had the time to move their vehicle or that it was practical for them to move their vehicle from the lane of traffic.

When objection was made by the plaintiffs to the giving of a contributory negligence instruction, the court ruled in their behalf, even though—just ten minutes previously—the court had permitted an amendment to the claim of the defense of contributory negligence. The trial court saw fit, however, to give a standard pattern jury instruction on comparative negligence in South Dakota. As a result, in my opinion, of the confusing instructions, an award of damages granted to Norma Beyer of $14,568 was made and $11,980 to Douglas Beyer, notwithstanding medical bills of over $15,000 and permanent injuries to both. Testimony established a 20% permanent partial disability unto Douglas Beyer, and a 16% permanent partial disability unto Norma Beyer. Unfortunately, unfolded is a scenario of long wait at the bar of justice for seriously injured plaintiffs and small compensation because of delay and legal errors.

Indeed, the trial court did abuse its discretion in permitting this amendment. The issues had been joined in this case for six years and defendant had never claimed any contributory negligence on the part of Norma Beyer. She was never permitted, at the trial, an opportunity to defend herself against a claim of contributory negligence, as it was never alleged against her; furthermore, the case was not tried, either expressly or impliedly, on any theory of contributory negligence of Norma Beyer. It does not make any sense to have granted this motion to amend so as to interject an issue of contributory negligence of Norma Beyer into the case and then, some ten minutes later, rule that contributory negligence was not to be instructed upon; but,

rather, to instruct the jury only upon comparative negligence. In *Fredrick v. Dreyer*, 257 N.W.2d 835 (S.D.1977), this Court would not tolerate an amendment to an answer adding a defense of contributory negligence where two years elapsed after an answer which originally asserted a general denial only. This case has never been overruled or modified. Here, six years elapsed. I agree with Justice Miller's rationale as reflected by his special writing on this issue and to his case authorities.

Alluding to the second issue, it is fundamental that a trial court can instruct upon the theory of comparative negligence when it has first been established, by legally sufficient evidence in the record, that there has been contributory negligence. Instruction No. 17A in this case begins: "If the jury should find the plaintiff contributorily negligent, as elsewhere in these instructions defined, the plaintiff may still recover if the jury should find that such contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant." There was never any instruction, given to this jury, containing a definition of contributory negligence. Furthermore, as covered above, the court had ruled that a contributory negligence instruction was not warranted. We have, therefore, confusing and conflicting instructions resulting in an inadequate award under the circumstances and a miscarriage of justice.

Trial courts can only present those issues to the jury, through their instructions, which find support by competent evidence in the record. Some fairly recent cases authored by this special writer include: *Frazier v. Norton*, 334 N.W.2d 865 (S.D. 1983); *Atyeo v. Paulsen*, 319 N.W.2d 164 (S.D.1982); *Van Zee v. Sioux Valley Hosp.*, 315 N.W.2d 489 (S.D.1982); *Ebert v. Fort Pierre Moose Lodge No. 1813*, 312 N.W.2d 119 (S.D.1981); *Ryken v. Blumer*, 307 N.W.2d 865 (S.D.1981); *Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981).

On remand, my holding would be that an amendment permitting a defense of contributory negligence against Norma Beyer would not be permitted under the obvious facts of this case. There is no question of fact on contributory negligence concerning her conduct. The old Am.Jur. cite, contained in Justice Sabers' writing, quoted in *Hanisch*, is inapposite to the facts at hand. Generic language in that cite is an inadequate peg upon which to hang a hypothesis of contributory negligence against Norma Beyer.